T.C. Memo. 1997-340


UNITED STATES TAX COURT


DOVER CORPORATION AND SUBSIDIARIES, ET AL.,[1] Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos.  5842-91, 19640-91,        Filed July 28, 1997.
             19668-91, 19886-91,
             6102-93.


Robert D. Whoriskey and Charles R. Goulding, for

petitioners.

Lewis R. Mandel, for respondent.


MEMORANDUM OPINION


DAWSON, Judge:  These cases were assigned to Special Trial

Judge Robert N. Armen, Jr., pursuant to the provisions of section

---

[1]  Cases of the following petitioners are consolidated
herewith:  Pathway Bellows, Inc., & Subsidiary, docket No.
19640-91; Measurement Systems, Inc., docket No. 19668-91; Dover
Corporation & Subsidiaries, docket No. 19886-91; Dover
Corporation & Subsidiaries, docket No. 6102-93.

7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and Rules 180, 181, and 183.[2]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

## OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  These consolidated cases are before the Court on the motions of Dover Corporation and its subsidiaries (hereinafter petitioner) to enforce refund of an overpayment, filed pursuant to section 6512(b)(2) and Rule 260 at each of the five above-numbered dockets. As explained in greater detail below, we will deny petitioner's motions.

By way of introduction, we observe that the taxable years that are before the Court in the present five cases are 1982 through 1989.  Nevertheless, as will become apparent, the disposition of petitioner's motions requires that we focus on 1993 and certain other taxable years that are not in issue in the present cases.

## Background

Respondent issued separate notices of deficiency to petitioner in which respondent determined deficiencies in petitioner's Federal corporate income taxes for the years as follows:

---

[2]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

| Taxpayer | Taxable Years Ended |
|---|---|
| Dover Corporation and Subsidiaries | 12/31/82, 12/31/83 |
| Dover Corporation and Subsidiaries | 12/31/84, 12/31/85, and 12/31/86 |
| Dover Corporation and Subsidiaries | 12/31/87, 12/31/88, and 12/31/89 |
| Pathway Bellows, Inc. and Subsidiary | 9/1/83 (1 day) |
| Measurement Systems, Inc. | 3/1/82 to 11/12/82 |

Petitioner commenced the present five cases by filing petitions for redetermination contesting respondent's deficiency determinations. These cases were consolidated for purposes of trial, briefing, and opinion based on the similarity of the issues presented for decision and on the fact that Pathway Bellows, Inc. and Subsidiary, and Measurement Systems, Inc., had became part of Dover Corporation's consolidated group of corporations during the later years in issue.

On September 14, 1995, the Court entered decisions in the present five cases pursuant to agreement of the parties. These decisions, when considered in the aggregate, reflect a net overpayment of tax in the amount of approximately $3 million. Sec. 6512(a). The parties agree that petitioner is also entitled to interest on the net overpayment in the amount of approximately $1 million.

As explained in greater detail in our Memorandum Opinion filed this day in a companion case, Dover Corporation and Subsidiaries v. Commissioner, T.C. Memo. 1997-339, respondent did not refund the above-described $3 million overpayment to petitioner, but rather applied such amount against what respondent concluded was petitioner's unpaid tax liability for 1993. In response to respondent's action, petitioner filed its Motions to Enforce Refund of Overpayment; petitioner also filed a Motion to Restrain Assessment or Collection in the companion case, Dover Corporation and Subsidiaries v. Commissioner, docket No. 24250-96. The latter docket involves petitioner's tax liabilities for 1992 and 1993.

Respondent contends that the assessment and related collection action regarding petitioner's tax liability for 1993 are proper and, therefore, that petitioner's Motions to Enforce Refund of an Overpayment should be denied.

Discussion

Section 6512(b)(2) provides:

> (2) Jurisdiction To Enforce.--If, after 120 days after a decision of the Tax Court has become final, the Secretary has failed to refund the overpayment determined by the Tax Court, together with the interest thereon as provided in subchapter B of chapter 67, then the Tax Court, upon motion by the taxpayer, shall have jurisdiction to order the refund of such overpayment and interest.

Because petitioner filed its Motions to Enforce Refund of an Overpayment more than 120 days after the date on which the

decisions in the present five cases became final, the Court has jurisdiction to entertain petitioner's motions to enforce the refund of the net overpayment that was determined in such decisions.

Section 6402(a) provides in pertinent part:

(a) General Rule.--In the case of any overpayment, the Secretary, within the applicable period of limitations, may credit the amount of such overpayment, including any interest allowed thereon, against any liability in respect of an internal revenue tax on the part of the person who made the overpayment and shall * * * refund any balance to such person.

Given the discretion afforded respondent in the application of an overpayment pursuant to section 6402(a), the Court generally will only order the refund of an overpayment if respondent has erroneously withheld or applied such refund.

Consistent with our holding in Dover Corporation and Subsidiaries v. Commissioner, T.C. Memo. 1997-339, wherein we denied petitioner's Motion to Restrain Assessment or Collection, and for the reasons that follow, we will deny petitioner's Motions to Enforce Refund of an Overpayment in the present five cases.

In Dover Corporation and Subsidiaries v. Commissioner, T.C. Memo. 1997-339, we considered respondent's decision not to accept petitioner's amended returns for 1990 and 1991. Such decision led respondent to disallow a large overpayment that petitioner had elected to be treated as a credit to be applied against its estimated tax liability for 1993. Because respondent did not

recognize the credit against petitioner's estimated tax liability for 1993, respondent concluded that petitioner had failed to pay a portion of the tax reported on its income tax return for 1993. It is this unpaid tax liability against which respondent applied the net overpayment otherwise due to petitioner for the taxable years 1982 through 1989.

In analyzing the matter in Dover Corporation and Subsidiaries v. Commissioner, supra, we observed that respondent had examined petitioner's income tax returns for 1990 and 1991, and had issued a notice of deficiency to petitioner for those years, nearly 1 month before petitioner filed its amended returns for those years. Under the circumstances, we concluded that respondent had the authority to reject petitioner's amended returns for 1990 and 1991. We also concluded that respondent had the authority to assess and collect the unpaid tax that was reported on petitioner's income tax return for 1993. Because respondent was not attempting to collect the disputed deficiency for 1993, we denied petitioner's Motion to Restrain Assessment or Collection.

Petitioner's Motions to Enforce Refund of an Overpayment filed in the present five cases are based on the same theory as that which underlies petitioner's Motion to Restrain Assessment or Collection; i.e., that respondent erred in "disallowing" the credit against estimated taxes reported on petitioner's income tax return for 1993. Consistent with our conclusion in Dover

<u>Corporation and Subsidiaries v. Commissioner</u>, T.C. Memo. 1997-339, that respondent's collection efforts regarding petitioner's assessed and unpaid tax liability for 1993 are not improper, it follows that petitioner's Motions to Enforce Refund of an Overpayment should likewise be denied.

To reflect the foregoing,

<u>Orders denying petitioner's</u> <u>Motions to Enforce Refund of an</u> <u>Overpayment will be entered</u>.