T.C. Memo. 1997-339

UNITED STATES TAX COURT

DOVER CORPORATION AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24250-96.                    Filed July 28, 1997.

<u>Robert D. Whoriskey</u> and <u>Charles R. Goulding</u>, for
petitioner.

<u>Lewis R. Mandel</u>, for respondent.

MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Special Trial
Judge Robert N. Armen, Jr., pursuant to the provisions of section
7443A(b)(4) of the Internal Revenue Code of 1986, as amended, and

Rules 180, 181, and 183.[1]  The Court agrees with and adopts the Opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

ARMEN, Special Trial Judge:  This case is before the Court on the motion of Dover Corporation and Subsidiaries (hereinafter petitioner) to restrain assessment or collection, filed pursuant to section 6213(a) and Rule 55.  As explained in greater detail below, we will deny petitioner's motion.

As an introductory matter, we observe that the taxable years before the Court in the present case are 1992 and 1993; however, for purposes of petitioner's motion, our focus will be on 1993. Nevertheless, because of various carrybacks and carryforwards, taxable years other than those in issue will be discussed, and certain of those other taxable years are before the Court in other dockets.

Background

Petitioner reported overpayments of Federal income tax in the amounts of $4,132,466, $10,711,683, and $7,729,449 on its income tax returns for 1990, 1991, and 1992, respectively.  In each instance, petitioner made an election to treat such overpayment as a credit to be carried forward and applied as an

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

estimated tax payment for the succeeding taxable year pursuant to section 301.6402-3(a)(5), Proced. & Admin. Regs.[2]

On August 19, 1994, respondent issued a notice of deficiency to petitioner. In the notice, respondent determined deficiencies in petitioner's income taxes for the taxable years 1990 and 1991 in the amounts of $34,279,695 and $1,893,325, respectively.[3]

On September 15, 1994, petitioner filed its income tax return for 1993, as well as amended tax returns (Forms 1120X) for 1990 and 1991.

Petitioner claimed an increased overpayment in the amount of $1,146,384 on its amended return for 1990 and made an election to treat such increased overpayment as a credit to be applied as an estimated tax payment for 1991 pursuant to section 301.6402-3(a)(5), Proced. & Admin. Regs. The increased overpayment that petitioner claimed for 1990 is largely attributable to petitioner's claim of additional general business credits and environmental tax credits.

Petitioner's amended return for 1991 and petitioner's income tax return for 1993 are related in that the most significant item reported on petitioner's amended return for 1991 is a carryback

---

[2] For each of the years discussed, petitioner filed consolidated income tax returns on Form 1120, U.S. Corporation Income Tax Return.

[3] As will be discussed shortly, the taxable years 1990 and 1991 are the subject of a petition filed at another docket.

of a short-term capital loss claimed on petitioner's income tax return for 1993. In particular, petitioner reported short-term capital gain of $1,543,914 and short-term capital loss of $35,234,914 on its income tax return for 1993. A large portion of the net of these items; i.e., net short-term capital loss in the amount of $32,797,961, is claimed as a carryback loss on petitioner's amended return for 1991, which amended return includes petitioner's claim for an increased overpayment for 1991 in the amount of $12,621,181.[4] Petitioner made an election to treat the $12,621,181 overpayment claimed on its amended return for 1991 as a credit to be carried forward and applied as an estimated tax payment for 1992 pursuant to section 301.6402-3(a)(5), Proced. & Admin. Regs.

Petitioner's income tax return for 1993 reports total tax of $75,758,778 and various tax credits totaling $83,577,768, resulting in a claimed overpayment of $7,818,990. Among the credits reported on petitioner's income tax return for 1993 is a credit in the amount of $20,350,630, which is identified as a credit for an overpayment of tax reported on petitioner's income tax return for 1992. The $20,350,630 amount consists of the $12,621,181 overpayment claimed on petitioner's amended return

---

[4] The overpayment of $12,621,181 claimed on petitioner's amended return for 1991 includes the carryforward of the overpayment in the amount of $1,146,384 claimed on petitioner's amended return for 1990.

for 1991 and carried forward to 1992, and the $7,729,449
overpayment claimed on petitioner's income tax return for 1992.
Petitioner made an election to treat the $7,818,990 overpayment
claimed on its income tax return for 1993 as a credit to be
applied as an estimated tax payment for 1994 pursuant to section
301.6402-3(a)(5), Proced. & Admin. Regs.[5]

Upon the filing of petitioner's income tax return for 1993,
respondent made an assessment against petitioner in the amount of
$75,758,778 based upon the amount of total tax reported on such
return by petitioner. Sec. 6201(a)(1). However, respondent did
not recognize the full amount of the tax credits claimed on
petitioner's income tax return for 1993. In particular, because
the taxable years 1990 and 1991 were the subject of an
outstanding notice of deficiency, respondent did not accept
petitioner's amended returns for 1990 and 1991, nor did
respondent recognize petitioner's election to treat the
overpayments claimed on such amended returns as credits to be
applied as estimated tax payments for succeeding taxable years.
In sum, respondent did not recognize the portion of the credit
for estimated tax payments claimed on petitioner's income tax
return for 1993 attributable to the $12,621,181 overpayment

_____

[5] Petitioner also reported overpayments on its income tax
returns for 1994 and 1995. In each instance, petitioner made an
election to treat such overpayment as a credit to be carried
forward and applied as an estimated tax payment for the
succeeding taxable year.

claimed on petitioner's amended return for 1991. Consistent with this adjustment, respondent determined that petitioner failed to pay $4,905,029.16 of the $75,758,778 in total tax reported by petitioner on its income tax return for 1993.[6] Shortly thereafter, on December 19, 1994, respondent issued a bill to petitioner for the taxable year 1993 requesting the payment of $5,455,695.74, consisting of tax in the amount of $4,905,029.16, penalties in the amount of $245,251.46, and interest in the amount of $305,415.12.

In the interim, on November 18, 1994, petitioner filed a petition, which was assigned docket No. 21334-94, contesting respondent's determinations as set forth in the notice of deficiency for the taxable years 1990 and 1991. In addition to contesting respondent's determinations, the petition at docket No. 21334-94 includes allegations that petitioner is entitled to overpayments for the taxable years 1990 and 1991 consistent with the reporting position taken by petitioner in its amended returns for 1990 and 1991, including the carryback of the $32,797,961 net

---

[6] As a further consequence of the rejection of the $12,621,181 credit claimed on petitioner's income tax return for 1993, respondent did not recognize petitioner's election to treat its claimed overpayment for 1993 as a credit to be carried forward and applied as an estimated tax payment for 1994 and 1995. This resulted in respondent's conclusion that petitioner failed to pay a portion of the tax that petitioner reported on its income tax returns for 1994 and 1995.

short-term capital loss from 1993 to 1991 that petitioner claimed on its amended return for 1991.

On August 12, 1996, respondent issued a notice of deficiency to petitioner in which respondent determined deficiencies in petitioner's income taxes for 1992 and 1993 in the amounts of $4,629,260 and $12,696,027, respectively. The notice of deficiency includes the disallowance of the entire $35,234,914 short-term capital loss claimed by petitioner on its 1993 income tax return for 1993.

On November 12, 1996, petitioner commenced the present case by filing a timely petition for redetermination, contesting respondent's determinations as set forth in the notice of deficiency for 1992 and 1993. The petition includes allegations that respondent erred in failing to recognize petitioner's election to treat the $12,621,181 overpayment claimed on its amended return for 1991 as a credit to be applied as an estimated tax payment for succeeding taxable years.

Respondent has not issued a notice of deficiency to petitioner for either 1994 or 1995.

On December 30, 1996, respondent issued to petitioner a notice of intent to levy, which states that petitioner owes $2,082,646 in tax, penalties, and interest for 1993.[7] In

_____

[7] The difference between the $5,455,695.74 amount listed as due for 1993 in respondent's bill to petitioner dated Dec. 19,
(continued...)

addition, by letter dated January 6, 1997, respondent requested a payment from petitioner in the amount of $6,997,537.51 for taxes, penalties, and interest purportedly due for 1995. Respondent issued a further written request for payment for 1995 on February 17, 1997.

On March 4, 1997, petitioner filed a Motion to Restrain Assessment or Collection in the present case. Petitioner seeks an order from the Court restraining respondent from further assessment or collection of taxes for the years 1993, 1994, and 1995.

On March 18, 1997, respondent filed an objection to petitioner's Motion to Restrain Assessment or Collection. Respondent contends that the amounts that have been assessed and that are the object of respondent's collection efforts are the amounts that are due because of respondent's decision not to accept petitioner's amended returns for 1990 and 1991. In this regard, respondent asserts that the assessments in question are

---

[7](...continued)
1994, and the $2,082,646 amount listed as due in respondent's notice of intent to levy issued to petitioner on Dec. 30, 1996, is attributable to respondent's application of a net refund of approximately $4,000,000 due to petitioner for 1982 through 1989 as an offset against the amount purportedly due for 1993. Petitioner contested the application of its refund in this manner by way of Motions to Enforce Refund of an Overpayment filed in docket Nos. 5842-91, 19640-91, 19668-91, 19886-91, and 6102-93. The latter motions are the subject of this Court's Memorandum Opinion, Dover Corporation and Subsidiaries. v. Commissioner, T.C. Memo. 1997-340, a companion case to the present case.

separate and distinct from the deficiencies placed in dispute in the present case and, therefore, that the Court lacks jurisdiction to restrain respondent's collection activity. Respondent further asserts that the Court lacks jurisdiction to restrain assessment and collection with respect to 1994 and 1995 because respondent has not issued a notice of deficiency to petitioner for either of those years.

Discussion

Section 6213(a) provides that respondent generally is precluded from assessing or collecting a deficiency until a notice of deficiency authorized under section 6212(a) is mailed to the taxpayer with respect to the deficiency and until the expiration of the 90-day (or 150-day) period for filing a timely petition for redetermination with this Court. Upon the filing of a petition for redetermination, respondent is further precluded from assessing or collecting the deficiency until the decision of the Court becomes final. Powerstein v. Commissioner, 99 T.C. 466, 471 (1992); Powell v. Commissioner, 96 T.C. 707, 710-711 (1991).

Section 6213(a) was amended, effective with respect to orders entered after November 10, 1988, to grant this Court jurisdiction to restrain assessment and collection of a deficiency in cases where "a timely petition for redetermination of the deficiency has been filed and then only in respect of the

deficiency that is the subject of such petition." Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6243(a), 102 Stat. 3749; Kamholz v. Commissioner, 94 T.C. 11, 15 (1990). Consistent with the Court's statutorily prescribed jurisdiction in this area, resolution of petitioners' Motion to Restrain Assessment or Collection depends upon whether respondent has assessed deficiencies that are the subject of petitioner's timely filed petition for redetermination. Powerstein v. Commissioner, supra at 471-472, and cases cited therein.

Based upon our review of the record presented, we are satisfied that respondent has not assessed, and is not attempting to collect, the deficiencies that are in dispute in this case. Further, respondent has not issued a notice of deficiency to petitioner for either 1994 or 1995. Under the circumstances, we will therefore deny petitioner's Motion to Restrain Assessment or Collection.

We begin our analysis with the events that transpired upon the filing of petitioner's income tax return for 1993 and petitioner's amended returns for 1990 and 1991. As previously stated, petitioner simultaneously filed its income tax return for 1993 and its amended returns for 1990 and 1991 on September 14, 1994, nearly 1 month after respondent had issued a notice of deficiency to petitioner for 1990 and 1991. Respondent did not accept petitioner's amended returns for 1990 or 1991 or recognize

petitioner's election to treat the overpayments claimed on the amended returns as credits to be applied as estimated tax payments for succeeding taxable years.

Consistent with the decision not to accept petitioner's amended returns for 1990 and 1991, respondent concluded that petitioner had failed to pay a portion of the tax reported on its income tax return for 1993. Specifically, respondent assessed (and is attempting to collect) tax for 1993 directly related to the disallowance of the $12,621,181 overpayment claimed on petitioner's amended return for 1991--the amount that petitioner attempted to treat as a credit to be applied as an estimated tax payment for 1993.

Notably, petitioner's petition for redetermination, filed at docket No. 21334-94 on November 18, 1994, contesting respondent's deficiency determinations for 1990 and 1991, includes allegations intended to invoke the Court's jurisdiction to determine an overpayment pursuant to section 6512(b); i.e., that petitioner is entitled to refunds for overpayments based upon the items reported in its amended returns for 1990 and 1991.

The Court is satisfied that respondent's collection efforts are not directed at the deficiency for 1993 that is the subject of the petition filed in the present case. In particular, the only relationship between the deficiency in dispute in the present case and the amount that respondent has assessed and is

attempting to collect is that a portion of the deficiency for 1993 is attributable to respondent's determination to disallow the $35,234,914 short-term capital loss claimed on petitioner's income tax return for 1993, whereas respondent's collection efforts are directed at amounts due as a consequence of respondent's decision not to accept petitioner's amended return for 1991, which amended return included a claimed carryback of a large portion of the short-term capital loss claimed in 1993. Notwithstanding this relationship, it is evident that respondent has not assessed the amount of the deficiency disputed by petitioner in its petition for 1993.

Petitioner relies upon section 6402(a) and (b) and section 6513(d), as well as section 301.6402-3(a)(5), Proced. & Admin. Regs., to support its position that respondent's collection efforts are improper. Section 6402(a) provides that the Commissioner may credit an overpayment of tax against any outstanding tax liability of the taxpayer and shall refund the balance, if any, to the taxpayer. Section 6402(b) provides that the Commissioner may prescribe regulations under which an overpayment, determined by the taxpayer or the Commissioner, can be credited against estimated income tax for the taxpayer's succeeding taxable year. Section 301.6402-3(a)(5), Proced. & Admin. Regs., provides that if the taxpayer elects to have all or part of an overpayment applied as a credit against estimated

income tax for its succeeding taxable year, such amount shall be applied as a payment on account of its estimated tax for such year. Based upon these provisions, petitioner contends that respondent was obliged to accept its amended returns for 1990 and 1991 and to recognize petitioner's election to treat the overpayment claimed on its amended return for 1991 as a credit to be applied as an estimated tax payment for 1993.

We agree with petitioner that the sections it cites generally permit a corporate taxpayer to claim a refund by filing an amended return claiming an overpayment and then to make an election to treat such overpayment as a credit to be applied against its estimated tax liability for a succeeding taxable year. However, we are not persuaded that respondent was compelled, as a matter of law, to accept petitioner's amended returns for 1990 and 1991 under the circumstances presented. Simply stated, petitioner's position is inconsistent with the proposition that its amended returns constitute "claims" for refunds that respondent may review and adjust, either by way of an immediate rejection of the refund claim, see McCabe v. Commissioner, T.C. Memo. 1983-325, and cases discussed therein, or by way of a tentative allowance, subsequent audit, and (if necessary) issuance of a notice of deficiency, see Terry v. Commissioner, 91 T.C. 85, 87 (1988); Owens v. Commissioner, 50 T.C. 577, 583 (1968), and cases cited therein.

In the normal course, the immediate rejection of a claim for refund might lead the taxpayer to file a refund suit in the appropriate Federal District Court or the Court of Federal Claims. Sec. 7422. In the present case, respondent decided not to accept petitioner's amended returns for 1990 and 1991, which decision was made after the examination of those years and the issuance of a notice of deficiency for those years. Respondent's decision made it appropriate for petitioner to allege, as it did in its petition for 1990 and 1991, that it is entitled to a refund consistent with its reporting position as set forth in its amended returns. Sec. 6512(b). However, petitioner's decision to invoke this Court's jurisdiction to determine an overpayment does not render respondent's collection efforts in the present case improper. To the contrary, by definition, this Court's jurisdiction to determine an overpayment is based upon the premise that the amount in question has been collected.

Petitioner argues in the alternative that respondent has violated the deficiency procedures by "implicitly" disallowing the short-term capital loss claimed on petitioner's income tax return for 1993, as well as the carryback of the net short-term capital loss claimed on petitioner's amended return for 1991, and then taking steps to collect the resulting "deficiency". To the contrary, and as discussed above, respondent is not attempting to collect the deficiency for 1993, including the portion of the

deficiency that is attributable to the disallowance of the $35,234,914 short-term capital loss that was claimed on petitioner's income tax return for 1993. Moreover, consistent with the statutory definition of a deficiency set forth in section 6211(a),[8] it is clear that the rejection of petitioner's amended returns for 1990 and 1991, which amended returns were filed after the issuance of the notice of deficiency for those years, does not convert the disallowed claims for refund into deficiencies for those years. See, e.g., <u>Koch v. Alexander</u>, 561 F.2d 1115, 1117-1118 (4th Cir. 1977).

Petitioner also contends that it is anomalous to permit respondent to reject petitioner's amended returns for 1990 and 1991 under the circumstances presented herein when petitioner could have achieved the desired result; i.e., an immediate refund attributable to the carryback of the net short-term capital loss from 1993 to 1991, simply by filing an application for a tentative carryback adjustment pursuant to section 6411. However, we are reminded of the familiar principle that "a

---

[8] Sec. 6211(a) defines a deficiency as the amount by which the tax imposed on a taxpayer for a particular taxable year exceeds the excess of--

   (1) the sum of
         (A) the amount shown as the tax by the taxpayer upon
      his return * * * plus
         (B) the amounts previously assessed (or collected
      without assessment) as a deficiency, over--
   (2) the amount of rebates * * * .

transaction is to be given its tax effect in accord with what actually occurred and not in accord with what might have occurred."  <u>Don E. Williams Co. v. Commissioner</u>, 429 U.S. 569, 579 (1977) (quoting <u>Commissioner v. National Alfalfa Dehydrating & Milling Co.</u>, 417 U.S. 134, 148-149 (1974)).  Accordingly, we decline to consider what might have been if petitioner had filed such an application.

We have considered petitioner's remaining contentions and find them unpersuasive.

In conclusion, respondent has not assessed and is not attempting to collect any deficiency at issue in the present case.  Consequently, we will deny petitioner's Motion to Restrain Assessment or Collection.

To reflect the foregoing,

<u>An order denying petitioner's</u>
<u>Motion to Restrain Assessment</u>
<u>or Collection will be entered</u>.