**DOVER CORPORATION & SUBSIDIARIES, Pathway Bellows, Inc. & Subsidiary, and Measurement Systems, Inc., Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

Nos. 97–4256, 97–4258.

United States Court of Appeals, Second Circuit.

Argued April 13, 1998.

Decided June 4, 1998.

Robert D. Whoriskey, New York City (Curtis, Mallet–Prevost, Colt & Mosle, Charles R. Goulding, New York City, on the brief), for Petitioners–Appellants.

Edward T. Perelmuter, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Richard Farber, Tax Division, Department of Justice, Washington, DC, on the brief), for Respondent–Appellee.

Before: KEARSE and MINER, Circuit Judges, and KEENAN, District Judge *.

PER CURIAM.

Petitioners Dover Corp. & Subsidiaries and two corporate affiliates (collectively "Dover") challenge decisions of the United States Tax Court, Howard A. Dawson, Jr., *Judge*, denying Dover's motions to restrain the assessment or collection by the Internal Revenue Service ("IRS" or the "Commissioner") of income tax liabilities in dispute for the years 1993–1995, and to compel the IRS to grant Dover income tax refunds with respect to the years 1990 and 1991. We reject Dover's challenges substantially for the reasons stated in the opinions of the tax court, *see* 74 T.C.M. (CCH) 204, 1997 WL 419948 (1997); 74 T.C.M. (CCH) 208, 1997 WL 419915 (1997), denying the motion to compel refunds on the ground that the IRS was not required to accept Dover's amended tax returns claiming such refunds.

On its original federal income tax returns for 1990, 1991, and 1992, Dover reported overpayments of tax and elected to treat each such overpayment as a credit to be carried forward and applied as a payment of estimated tax for the following tax year. In August 1994, however, the IRS issued a notice of deficiency to Dover for the years 1990 and 1991.

On September 15, 1994, Dover filed amended income tax returns for 1990 and 1991. It claimed an increased overpayment on its amended return for 1990 and made an election to have that increased overpayment treated as an estimated tax payment for 1991. On the same date, Dover filed its income tax return for 1993, on which it reported a short-term capital loss. It carried that loss back to the tax year 1991; its amended return for 1991 claimed an increased overpayment as a result of both that carryback and the amendment of the 1990 return, and elected to carry the overpayment forward to 1993; and its 1993 return claimed a credit resulting from the carry forward shown on the amended return for 1991.

Because the years 1990 and 1991 were the subject of an outstanding notice of deficiency by the time Dover's amended returns for 1990 and 1991 were filed, the IRS refused to accept the amended returns. The IRS sought to collect the amounts stated in its notice of deficiency for 1990 and 1991. In addition, in 1996, the IRS disallowed the short-term capital loss reported on Dover's 1993 tax return and issued a notice of deficiency with respect to that year.

Dover then commenced the two tax court proceedings that are at issue here. It moved for an order compelling the IRS to grant the refunds claimed on the amended returns for

---

* Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1990 and 1991, and for an order principally restraining the IRS from assessing and collecting the deficiency for 1993. The tax court denied the latter motion ("stay motion") for lack of jurisdiction, see 74 T.C.M. (CCH) 204, a motion and rationale that are moot if, as the tax court also ruled, the IRS was not required to accept Dover's amended returns for the years 1990 and 1991.

The tax court denied Dover's motion for an order compelling the IRS to grant the refunds claimed on the amended returns because the IRS had refused to accept those returns, and because the agency had discretion to reject amended returns that claimed refunds after notices of deficiency had been issued:

> [R]espondent had examined petitioner's income tax returns for 1990 and 1991, and had issued a notice of deficiency to petitioner for those years, nearly 1 month before petitioner filed its amended returns for those years. Under the circumstances, ... respondent had the authority to reject petitioner's amended returns for 1990 and 1991.

74 T.C.M. (CCH) 208, 210. In reaching this conclusion, the tax court referred to the more detailed reasoning set forth in its opinion denying Dover's stay motion:

> Section 6402(a) [of 26 U.S.C.] provides that the Commissioner may credit an overpayment of tax against any outstanding tax liability of the taxpayer and shall refund the balance, if any, to the taxpayer. Section 6402(b) provides that the Commissioner may prescribe regulations under which an overpayment, determined by the taxpayer or the Commissioner, can be credited against estimated income tax for the taxpayer's succeeding taxable year. Section 301.6402–3(a)(5), Proced. & Admin. Regs. [of 26 C.F.R.], provides that if the taxpayer elects to have all or part of an overpayment applied as a credit against estimated income tax for its succeeding taxable year, such amount shall be applied as a payment on account of its estimated tax for such year. Based upon these provisions, petitioner contends that respondent was obliged to accept its amended returns for 1990 and 1991 and to recognize

petitioner's election to treat the overpayment claimed on its amended return for 1991 as a credit to be applied as an estimated tax payment for 1993.

We agree with petitioner that the sections it cites generally permit a corporate taxpayer to claim a refund by filing an amended return claiming an overpayment and then to make an election to treat such overpayment as a credit to be applied against its estimated tax liability for a succeeding taxable year. However, we are not persuaded that respondent was compelled, as a matter of law, to accept petitioner's amended returns for 1990 and 1991 under the circumstances presented. Simply stated, petitioner's position is inconsistent with the proposition that its amended returns constitute "claims" for refunds that respondent may review and adjust, either by way of an immediate rejection of the refund claim, see *McCabe v. Commissioner*, T.C. Memo.1983–325, and cases discussed therein, or by way of a tentative allowance, subsequent audit, and (if necessary) issuance of a notice of deficiency, see *Terry v. Commissioner*, 91 T.C. 85, 87, 1988 WL 74334 (1988); *Owens v. Commissioner*, 50 T.C. 577, 583, 1968 WL 1457 (1968), and cases cited therein.

74 T.C.M. (CCH) 204, 207.

 This Court reviews the tax court's rulings of law *de novo*, see, e.g., *Samuels, Kramer & Co. v. Commissioner*, 930 F.2d 975, 979 (2d Cir.), *cert. denied*, 502 U.S. 957, 112 S.Ct. 416, 116 L.Ed.2d 436 (1991), and we see no error here. Dover had no claim for a refund unless the IRS accepted its amended returns. Although IRS regulations provide that, as to an amount shown as an overpayment on either an original or an amended income tax return, that return "shall constitute a claim for refund or credit," 26 C.F.R. § 301.6402–3(a)(5), there is nothing in either the Internal Revenue Code or the regulations thereunder that requires the IRS "to accept the amended tax return in place of the original return previously filed." *Koch v. Alexander*, 561 F.2d 1115, 1117 (4th Cir.1977) (per curiam):

> There is simply no statutory provision authorizing the filing of amended tax returns,

and while the IRS has, as a matter of internal administration, recognized and accepted such returns for limited purposes, their treatment has not been elevated beyond a matter of internal agency discretion. *Kearney v. A'Hearn,* 210 F.Supp. 10 (S.D.N.Y.1961), aff'd. per curiam on the opinion of the district court in 309 F.2d 487 (2d Cir.1962); *Klinghamer v. Brodrick,* 242 F.2d 563 (10th Cir.1957); *see Miskovsky v. United States,* 414 F.2d 954 (3rd Cir.1969).

*Koch v. Alexander,* 561 F.2d at 1117. Where an amended return has been filed for a year as to which the IRS has already issued notice of a deficiency, the agency has ample discretion to refuse to accept the amended return, for it

> "would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return."

*Id.* (quoting *Miskovsky v. United States,* 414 F.2d 954, 956 (3d Cir.1969)); *see McCabe v. Commissioner,* 46 T.C.M. (CCH) 390, 391 (1983) ("[a]n amended return does not ... change an assessment that has been made or vitiate a notice of deficiency....").

The tax court in the present case did not err in recognizing these principles or applying them to Dover. The motion to compel the IRS to accept the amended returns and grant the claimed refunds was properly denied. Dover's other motion, which depended on the IRS's acceptance of the amended returns, is moot.

## CONCLUSION

We have considered all of Dover's contentions on this appeal and have found in them no basis for reversal. The decisions of the tax court are affirmed.