T.C. Memo. 1998-297

UNITED STATES TAX COURT

FARAMARZ FAYEGHI AND SHELLI FAYEGHI, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 457-98.                    Filed August 17, 1998.

<u>Richard F. Armknecht III</u>, for petitioners.

<u>Paul L. Dixon</u> and <u>Deborah Swann</u>, for respondent.


MEMORANDUM OPINION

DAWSON, <u>Judge</u>:  This case was assigned to Chief Special Trial Judge Peter J. Panuthos pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183.[1]  The Court

---

[1]  All section references are to the Internal Revenue Code
(continued...)

agrees with and adopts the opinion of the Chief Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

PANUTHOS, Chief Special Trial Judge:  This case is before the Court on petitioners' motion to restrain collection, as supplemented, filed pursuant to section 6213(a) and Rule 55. Because we conclude that we lack jurisdiction to restrain collection in this case, we will deny petitioners' motion.

Background

On or about October 22, 1991, petitioners filed a joint Federal income tax return for 1990 in which they reported tax in the amount of $107,771, tax withholding in the amount of $828, and tax owing in the amount $106,943.  Petitioners did not remit payment of the tax with their return.

On November 25, 1991, respondent assessed the following against petitioners with respect to their tax liability for 1990:

| Item | Amount |
| --- | --- |
| Tax | $107,771.00 |
| Late payment penalty | 4,277.72 |
| Interest | 6,767.67 |

On January 13, 1993, petitioners submitted to respondent an amended tax return for 1990 (Form 1040X) in which they claimed

---

[1](...continued)
in effect for the years in issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.

that their correct tax liability was $7,045, that they had paid $107,771, and that they were entitled to a refund in the amount of $100,726. Petitioners' claim that they had paid $107,771 in tax for 1990 was incorrect.

Respondent did not accept petitioners' amended return. To the contrary, respondent treated petitioners' amended return as a claim for abatement with respect to $100,726 of the $107,771 amount that respondent had assessed on November 25, 1991.

On or about December 31, 1995, following an examination of petitioners' tax liability for 1990, respondent issued a so-called 30-day letter to petitioners proposing a deficiency in their tax liability for 1990 in the amount of $321,079. Specifically, respondent proposed to determine that petitioners failed to report $1,139,425 of ordinary income attributable to petitioners' investment in an S corporation known as GMF, Inc. An examination report attached to the 30-day letter states:

> On 1/13/93 you filed claim form 1040X or an informal claim for an abatement of $100,726 for 1990. As a result of our examination, we have disallowed your claim. GMF, Inc. was owned by taxpayer in 1990 and was an S corporation at that time. The Internal Revenue Code has no provision for filing tax abatement claims. If you do not agree with our determination, you may, after paying the additional tax due, file an amended return or claim for refund. There is no provision for appealing this unless the original balance due is paid. * * *

On April 15, 1996, and April 15, 1997, respondent applied overpayment credits of $5,923.05 and $6,666.69 associated with

petitioners' tax returns for 1995 and 1996, respectively, to partially offset the assessment made against petitioners for 1990. After making an additional assessment against petitioners in the amount of $14 for collection costs, the assessment made against petitioners for 1990 totaled $105,412.65.

On September 10, 1997, respondent issued to petitioners a final notice of intent to levy listing $207,743.97 as the amount purportedly due from petitioners for the 1990 taxable year. The $207,743.97 amount is identified as $112,065.34 (assessed amount unpaid from prior notices) and $95,678.63 (additional penalty and interest).

On October 9, 1997, respondent issued a notice of deficiency to petitioners determining a deficiency in their Federal income tax for 1990 in the amount of $321,079, and an accuracy-related penalty pursuant to section 6662(a) in the amount of $64,216. The notice of deficiency is based on the proposed adjustments that were outlined in respondent's 30-day letter described above.

Also on October 9, 1997, respondent issued a notice of deficiency to petitioners determining deficiencies in and additions to their Federal income taxes for 1991, 1992, and 1993.

On January 8, 1998, petitioners filed a timely petition for redetermination contesting the notices of deficiency for 1990, 1991, 1992, and 1993.[2]

After respondent filed an answer to the petition, petitioners filed a motion to restrain collection. Relying on Powerstein v. Commissioner, 99 T.C. 466 (1992), petitioners maintain that respondent is engaged in improper collection efforts respecting their income tax liability for 1990. Respondent filed an objection to petitioners' motion arguing that respondent's collection efforts are directed at the tax that petitioners reported due on their original 1990 tax return. Relying on Meyer v. Commissioner, 97 T.C. 555 (1991), respondent contends that the amount of tax that petitioners reported due on their original return is subject to immediate collection. Respondent denies any effort to collect the tax deficiency for 1990 is at issue in this case.

Petitioners filed a supplement to their motion to restrain collection attaching a copy of their 1990 amended return. Petitioners also filed a response to respondent's objection in which they contend that their amended return for 1990 serves to bar respondent from attempting to collect the tax that

---

[2] At the time the petition was filed, petitioners resided at Las Vegas, Nevada.

petitioners reported due in their original 1990 tax return.

Petitioners' response states in pertinent part:

> First, the amended return on its face clearly indicates that a taxpayer will change the original return by filing the amended return. Second, an amended return constitutes a claim for refund where the amount of tax liability reported on the amended return is less than the amount reported on the original return. Where the tax was not paid with the original return (as Petitioners did not do in this case), the IRS cannot, of course, "refund" what was not initially paid. However, the reduced amount of tax reported constitutes a "rebate" as such term is defined at section 6211(b)(2) of the Internal Revenue Code (essentially, the taxpayer effects a repayment of a previous liability). By either rationale, the amended return filed by Petitioners reduced the amount that they had self assessed. If Respondent asserts that Petitioners owe more than the amount of such self assessment, then the difference constitutes a deficiency. See Section 6211(a) of the IRC.

Respondent filed a response to petitioners' response citing Dover Corp. v. Commissioner, T.C. Memo. 1997-339, affd. per curiam ____ F.3d. ___ (2d Cir., June 4, 1998), for the proposition that the Commissioner's rejection of a taxpayer's amended return does not convert the disallowed claim for refund or abatement into a tax deficiency within the meaning of section 6211(a).

Petitioners subsequently filed a response to respondent's response, citing Russell v. United States, 592 F.2d 1069, 1072 (9th Cir. 1979), and arguing that respondent should be barred from attempting to collect any amounts for 1990 because the Court has jurisdiction to decide "the entire gamut of possible issues

that controlled the determination of the amount of tax liability for the year in question".

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in opposition to petitioners' motion. Although no appearance was made by or on petitioners' behalf at the hearing, petitioners did file a written statement with the Court pursuant to Rule 50(c).

## Discussion

Section 6213(a) provides that the Commissioner generally is precluded from assessing or collecting a deficiency until a notice of deficiency authorized under section 6212(a) is mailed to the taxpayer with respect to the deficiency and until the expiration of the 90-day or 150-day period for filing a timely petition for redetermination with this Court. Upon the filing of a petition for redetermination contesting the notice of deficiency, the Commissioner is further precluded from assessing or collecting the deficiency until the decision of the Court becomes final. Powerstein v. Commissioner, supra at 471; Powell v. Commissioner, 96 T.C. 707, 710-711 (1991).

The term "deficiency" is defined in section 6211(a), which provides in pertinent part:

> SEC. 6211(a). In General.--For purposes of this title in the case of income, estate, and gift taxes imposed by subtitles A and B * * * the term

"deficiency" means the amount by which the tax imposed by subtitle A or B * * * exceeds the excess of--

(1) the sum of

(A) the amount shown as the tax by the taxpayer upon his return * * *, plus

(B) the amounts previously assessed (or collected without assessment) as a deficiency, over--

(2) the amount of rebates, as defined in subsection (b)(2), made.

In short, a deficiency arises when respondent determines that the amount of tax imposed exceeds the sum of the amount of tax shown on the return and the amount of tax previously assessed.

Although the Commissioner must issue a notice of deficiency and respect the deficiency procedures prior to the assessment and collection of a deficiency, the Commissioner is required to immediately "assess all taxes determined by the taxpayer or by the Secretary as to which returns or lists are made under this title". Sec. 6201(a)(1). As explained in Meyer v. Commissioner, supra at 559, the Commissioner is authorized to immediately "assess and collect the amount of taxes that are computed and shown due on a taxpayer's original income tax return, as well as the amount of any additional taxes computed and shown due on a subsequently filed amended income tax return." The Commissioner likewise is authorized to immediately assess and collect the addition to tax under section 6651(a)(2) and the addition to tax under section 6651(a)(1) if such additions are measured by the

amount of tax shown on the taxpayer's return. Meyer v. Commissioner, supra at 559-560, and cases cited therein. Such summary assessments are not subject to the normal deficiency procedures. Id. at 560.

Section 6213(a) was amended, effective with respect to orders entered after November 10, 1988, to extend to this Court jurisdiction to restrain assessment and collection of a deficiency in cases where "a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6243(a), 102 Stat. 3749; Kamholz v. Commissioner, 94 T.C. 11, 15 (1990). Consistent with the Court's statutorily prescribed jurisdiction in this area, resolution of petitioners' Motion to Restrain Collection depends upon whether respondent has assessed and is attempting to collect the deficiency that is the proper subject of petitioners' timely filed petition for redetermination. Powerstein v. Commissioner, 99 T.C. at 471-472, and cases cited therein.

In the instant case, it is clear that the amount that respondent has assessed, and is attempting to collect, consists of the tax that petitioners reported due on their original income tax return for 1990, as well as statutory interest and penalties imposed as a consequence of petitioners' failure to remit payment

of such tax with their return. It follows that the disputed amount does not constitute a deficiency within the meaning of section 6211(a) and that respondent is free to collect the disputed amount pursuant to section 6201(a)(1). Consistent with the foregoing, respondent was not required to (and indeed did not) include the disputed amount in the notice of deficiency for 1990. In this regard, the instant case is virtually indistinguishable from Meyer v. Commissioner, 97 T.C. 555 (1991).

In an effort to avoid the conclusion that the Court lacks the authority under section 6213(a) to bar respondent's collection efforts in this case, petitioners maintain that their amended return for 1990 provides a basis for the Court to grant their motion to restrain collection. We disagree.

Petitioners contend that a taxpayer is free to "change" the amount of tax that has been "self-assessed" by filing an amended return, and that the Commissioner should be obliged to accept amended tax returns regardless of whether the taxpayer is reporting an increase or a decrease in tax liability. We are not persuaded by petitioners' position. See Dover Corp. v. Commissioner, supra. An amended return constitutes a claim for refund that the Commissioner may review and adjust either by way of an immediate rejection of the refund claim, see McCabe v. Commissioner, T.C. Memo. 1983-325, and cases discussed therein, or by tentative allowance, subsequent audit, and, if necessary,

issuance of a notice of deficiency.  See <u>Terry v. Commissioner</u>,
91 T.C. 85, 87 (1988); <u>Owens v. Commissioner</u>, 50 T.C. 577, 583
(1968), and cases cited therein.

Here, respondent treated petitioners' amended return as an
informal claim for abatement.  Further, following an examination
of petitioners' 1990 tax return, respondent considered and
rejected the merits of the claim, as evidenced by the discussion
of the matter in the 30-day letter that respondent issued to
petitioners on December 31, 1995.  We agree with respondent that
the rejection of a claim for refund or abatement in an amended
return does not convert the disallowed claim into a deficiency.
See <u>Koch v. Alexander</u>, 561 F.2d 1115, 1117-1118 (4th Cir. 1977);
see also <u>Curry v. United States</u>, 774 F.2d 852, 854 n.1 (7th Cir.
1985).

Petitioners further contend that the Court could treat their
amended return as the equivalent of a rebate within the meaning
of section 6211(b)(2).[3]  Petitioners suggest that their amended
return "essentially * * * effects a repayment of a previous
liability."  We disagree.  Considering the reality that

---

[3]  The term "rebate" is defined in sec. 6211(b)(2) as
follows:
    (2) The term "rebate" means so much of an
abatement, credit, refund, or other payment, as was
made on the ground that the tax imposed by subtitle A
or B or chapter 41, 42, 43, or 44 was less than the
excess of the amount specified in subsection (a)(1)
over the rebates previously made.

petitioners have failed to pay the tax reported due on their original 1990 return, and respondent's rejection of their amended return, there is no basis for finding an abatement, credit, or refund in this case.

Petitioners' reliance on Powerstein v. Commissioner, supra, likewise is misplaced. In Powerstein v. Commissioner, supra, the Commissioner issued a notice of deficiency to the taxpayers for the taxable years 1984 through 1988. After filing a petition with the Court, and after the Commissioner filed an answer, the taxpayers filed amended returns for the years in dispute in an apparently misguided effort to generate a net tax refund. The Commissioner accepted the amended returns in which the taxpayers reported increased tax liabilities and rejected the amended returns in which the taxpayers reported reduced tax liabilities. Under the particular facts of that case, we concluded that the Commissioner had erred in treating the increased taxes reported in the amended returns as amounts "shown upon his return" within the meaning of section 301.6211-1(a), Proced. & Admin. Regs. To the contrary, we held that the additional taxes represented amounts that the taxpayers were "protesting rather than admitting" within the meaning of the same regulation. Id. at 474.

The facts presented in the instant case are readily distinguishable from those presented in Powerstein v.

Commissioner, supra.  Most notably, unlike Powerstein, respondent
is attempting to collect the tax that petitioners reported as due
on their original return--an amount that is properly
characterized as an amount "shown upon his return" within the
meaning of section 301.6211-1(a), Proced. & Admin. Regs.

Finally, petitioners contend that the Court may bar
respondent's collection efforts based on Russell v. United
States, 529 F.2d at 1072, which petitioners cite for the
proposition that the Court has jurisdiction to decide "the entire
gamut of possible issues that controlled the determination of the
amount of tax liability for the year in question".  Although
Russell v. United States, supra at 1072, correctly states that
the Court has broad jurisdiction to decide the correct amount of
tax liability for a taxable year properly before the Court,
Russell does not address the question of the scope of the Court's
jurisdiction to restrain collection.  As previously discussed,
section 6213(a) expressly limits the Court's authority to
restrain collection to "the deficiency that is the subject of [a
timely filed] petition".  However, we have concluded that
respondent is not attempting to collect the deficiency that is
the subject of the petition filed in this case.[4]

---

[4] Consistent with Russell v. United States, 592 F.2d 1069
(9th Cir. 1979), we do observe that, if petitioners were to pay
the amount that respondent seeks to collect, petitioners may seek
leave to file an amended petition with the Court which includes
(continued...)

In conclusion, we are satisfied that respondent has not assessed, and is not attempting to collect, the deficiency for 1990 in dispute in this case.  Because we lack the authority to bar collection under the circumstances presented, we will deny petitioners' motion to restrain collection as supplemented.

To reflect the foregoing,

<u>An order will be entered denying petitioners' motion to restrain collection as supplemented</u>.

---

[4](...continued)
allegations  invoking the Court's jurisdiction to determine an overpayment pursuant to sec. 6512(b).  See, e.g., <u>Dover Corp. v. Commissioner</u>, T.C. Memo. 1997-339, affd. per curiam ___ F.3d ___ (2d Cir., June 4, 1998).