Kannry v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand nineteen.

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge,*
> GUIDO CALABRESI,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

JACK S. KANNRY, JOYCE F. KANNRY,

     *Petitioners-Appellants*,

     v.                                                           19-494-ag

COMMISSIONER OF INTERNAL REVENUE,

     *Respondent-Appellee*.

_____

For Petitioners-Appellants:                     JACK S. KANNRY, ESQ., *pro se*, New York, New York.

For Respondent-Appellee:                    NORAH E. BRINGER, Attorney (Teresa E. McLaughlin, Attorney, *on the brief*), *for* Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Tax Division, U.S. Department of Justice, Washington, DC.

Appeal from an order of the United States Tax Court (Nega, *J.*) denying Petitioners-Appellants' motions to vacate or reconsider an order granting summary judgment to Respondent-Appellee and denying summary judgment to Petitioners-Appellants.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the United States Tax Court is **AFFIRMED**.

Petitioners-Appellants Jack and Joyce Kannry, proceeding *pro se*,[1] appeal a United States Tax Court's order denying their motions to vacate or reconsider the Tax Court's grant of summary judgment to the Commissioner of Internal Revenue and denial of summary judgment to the Kannrys on the Kannrys' challenge to the filing of a Notice of Federal Tax Lien ("NFTL") against them for the tax years 2011-14. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The Kannrys, who are married, filed a joint personal income tax return in each of the years 2011, 2012, 2013, and 2014. For each year, the Kannrys reported a positive amount of tax due, but have failed to pay the full amount of tax due. The facts with respect to the 2011 tax year are only slightly more complex, because in April 2013, the Kannrys filed an amended return in which they claimed additional deductions against their 2011 income related to losses suffered due to Hurricane Sandy. The Kannrys' amended 2011 return reported a newly reduced amount due of $21,214, which the Kannrys then paid. After an audit, however, the Internal Revenue Service ("IRS") disallowed the Kannrys' claimed deductions in May 2015. In March 2016, the IRS mailed the Kannrys an NFTL informing them of a lien against their property in the amount of their unpaid income taxes for the years 2011-2014. The NFTL showed an unpaid amount for tax year 2011 that

---

[1]     Petitioner-Appellant Jack S. Kannry is an attorney representing himself and his wife Joyce F. Kannry.

reflected the May 2015 disallowance of the Sandy-related deductions claimed on the Kannrys' amended 2011 return.

The Kannrys timely requested a Collection Due Process ("CDP") hearing, in which they contested the validity of the NFTL on the basis that it was "not permitted . . . in the absence of a prior assessment, in the form of a statutory notice of deficiency" and that no such assessment had occurred. Joint App'x 207. In a subsequent pre-hearing letter, the Kannrys confirmed that their challenge "solely [sought] withdrawal" of the NFTL, again taking the position that the NFTL was impermissible without a prior valid assessment of the tax due, which was itself impermissible without a prior notice of deficiency. Joint App'x 254. After the CDP hearing, the hearing officer rejected the Kannrys' challenge on the ground that no statutory notice of deficiency was required because the Kannrys had self-assessed the amounts due by filing their own tax returns for each of the years at issue. The Kannrys sought review in the Tax Court, which upheld the hearing officer's determination.[2] This appeal followed.

We review decisions of the Tax Court "in the same manner and to the same extent as decisions of the district courts in civil actions." 26 U.S.C. § 7482(a)(1); *see Williams v. Comm'r*, 718 F.3d 89, 91 (2d Cir. 2013) (per curiam). "We generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019).[3] We review a grant or denial of summary judgment by the

---

[2]    While the Tax Court proceedings were pending, the IRS abated the additional amount that it had assessed when disallowing the Kannrys' claimed deduction for the 2011 tax year. The Tax Court accordingly concluded that any error in sustaining the NFTL as it related to the Kannrys' 2011 tax return had been rendered harmless by the intervening abatement.

[3]    Unless otherwise indicated, in quoting cases, all citations, emphases, alterations, and internal quotation marks are omitted.

3

Tax Court *de novo*, *Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998), and when the underlying tax liability is not in issue, we review the Commissioner's determination — including its applications of its own procedural rules, *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003) — for abuse of discretion, *Reichle v. Comm'r*, 303 F. App'x 987 (2d Cir. 2008). "Summary judgment is properly granted where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Eisenberg*, 155 F.3d at 53. We review the Tax Court's denials of motions to vacate and reconsider for abuse of discretion. *Cinema '84 v. Comm'r*, 412 F.3d 366, 370–71 (2d Cir. 2005) (motion to vacate); *LaBow v. Comm'r*, 763 F.2d 125, 129 (2d Cir. 1985) (motion for reconsideration).

In a challenge to a notice of determination sustaining an NFTL, the Tax Court confines its review to issues that were previously raised in the underlying CDP hearing. *See* 26 C.F.R. § 301.6320-1(f)(2). The Tax Court did not abuse its discretion by applying "this well-established procedural rule" in deciding not to address arguments that the Kannrys did not raise in their CDP hearing. *Beeler v. Comm'r*, 434 F. App'x 41, 43 (2d Cir. 2011). We therefore affirm the Tax Court to the extent it declined to consider any such arguments, without expressing any opinion as to their merits, and limit our own review to the Kannrys' challenge to the NFTL.

Here, the only issue raised at the CDP hearing was the Kannrys' argument that the NFTL should be withdrawn because taxes for the years at issue could not have been properly assessed in the absence of statutory notices of deficiency. The Tax Court correctly held this argument to be meritless.

"'Assessment' is the formal recording of a taxpayer's tax liability on the tax rolls." *Chai v. Comm'r*, 851 F.3d 190, 218 (2d Cir. 2017). "It is essentially a bookkeeping notation of what the taxpayer is required to pay the Government." *Id.* It is true, as the Kannrys argue, that "[b]efore it can 'assess' a deficiency, the IRS must first determine a 'deficiency' in a taxpayer's liability" and,

4

generally, must also mail a notice of deficiency to the taxpayer pursuant to 26 U.S.C. § 6212 and await Tax Court review (or the expiration of the statutory deadline to seek it) before initiating any collection procedures. *Id.*; *see* 26 U.S.C. § 6213(a). But the deficiency procedures described in 26 U.S.C. §§ 6212 and 6213 apply, by their terms, only where a "deficiency" exists within the meaning of the Internal Revenue Code, and not every unpaid and owing amount of tax is such a "deficiency." In particular, there is no "deficiency" where, as here, the taxpayer has self-reported an amount due on his or her return and failed to pay that amount.

As relevant here, the Internal Revenue Code defines "deficiency" to mean "the amount by which the tax imposed" by federal law "exceeds the excess of . . . the sum of . . . the amount shown as the tax by the taxpayer upon his return, if a return was made by the taxpayer and an amount was shown as the tax by the taxpayer thereon, plus . . . the amounts previously assessed (or collected without assessment as a deficiency, over . . . the amount of rebates . . . made." 26 U.S.C. § 6211(a). "[A] deficiency," in other words, "is the amount of tax imposed *less* any amount that may have been reported by the taxpayer on his return." *Laing v. United States*, 423 U.S. 161, 173 (1976) (emphasis added). Setting aside the now-abated amounts relating to the Kannrys' amended 2011 return, the amounts at issue here are the same amounts that the Kannrys themselves reported on their returns, plus penalties and interest. Those amounts are simply not "deficiencies" as that term is defined in 26 U.S.C. § 6211(a).

The Kannrys' principal contention is that the restrictions on pre-notice collection procedures described in 26 U.S.C. § 6213(a) should have barred the IRS from filing an NFTL with respect to the amounts at issue. But § 6213(a) restricts only the "assessment of a deficiency" and any "levy or proceeding in court for its collection." 26 U.S.C. § 6213(a). Because the amounts at issue here were not "deficiencies" within the meaning of the Code, those restrictions did not apply. Instead, the Kannrys' self-reported but unpaid tax amounts fell into a different category altogether,

5

meriting different treatment under the Code: Where taxpayers self-report an amount on their returns, the Code requires that such amounts be assessed immediately, without resort to the deficiency procedures described in §§ 6212 or 6213. *See* 26 U.S.C. § 6201(a)(1) ("The Secretary shall assess all taxes determined by the taxpayer . . . as to which returns . . . are made under [the Internal Revenue Code]."). Pre-collection deficiency procedures are similarly unnecessary to assess penalties incurred by a taxpayer's failure to pay taxes or estimated tax, *see* 26 U.S.C. § 6665(b), or accrued interest, *see id.* § 6601(e)(1).

As for their amended 2011 return, the Kannrys assert that a statutory notice of deficiency was required for the amount assessed when the IRS rejected the Kannrys' claimed casualty loss deduction. Essentially, the Kannrys ask us to hold that by filing an amended return showing a smaller amount than on their original return, they triggered a requirement that the IRS (should it disagree with the amounts reported on the amended return) mail them a notice of deficiency before assessing the larger amount first reported on the original return. But as we have explained, § 6201(a) authorizes — and indeed, requires — the IRS to assess the amounts reported on the original return immediately. And "there is nothing in either the Internal Revenue Code or the regulations thereunder that requires the IRS to accept the amended tax return in place of the original return previously filed." *Dover Corp. & Subsidiaries v. Comm'r*, 148 F.3d 70, 72 (2d Cir. 1998). "[A]n amended return does not . . . change an assessment that has been made or vitiate a notice of deficiency . . . ." *Id.* at 73. Instead, "[a]n amended return constitutes a claim for refund that the Commissioner may review and adjust either by way of an immediate rejection of the refund claim or by tentative allowance, subsequent audit, and, if necessary, issuance of a notice of deficiency." *Fayeghi v. Comm'r*, T.C. Memo. 1998-297, 1998 WL 477715, at *4 (1998).

Finally, even if the Kannrys would have been entitled to a statutory notice of deficiency with respect to any taxes in excess of what they reported on their original 2011 return, the IRS has

6

since abated that amount. Any harm to the Kannrys' substantial rights arising from the erroneous inclusion in the NFTL of that now-abated amount has been mitigated by the abatement. *See* 28 U.S.C. § 2111.

We have considered all of the Kannrys' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the Tax Court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court