10-741-ag
Beeler v. Comm'r of Internal Revenue

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of October, two thousand eleven.

PRESENT:

JOHN M. WALKER, JR.,
CHESTER J. STRAUB,
DEBRA ANN LIVINGSTON,

*Circuit Judges.*

_____

JOEL I. BEELER,

*Petitioner-Appellant*,

-v.-                                                            No. 10-741-ag

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

RICHARD S. KESTENBAUM (Bernard S. Mark, *on the brief*),
Kestenbaum & Mark, Great Neck, New York, *for Petitioner-Appellant*.

1

TERESA T. MILTON (Kenneth L. Greene, *on the brief*), *for* John A. DiCicco, Acting Assistant Attorney General, Tax Division, U.S. Department of Justice, Washington, D.C., *for Respondent-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the Tax Court is VACATED and the case REMANDED for further proceedings.

Petitioner-Appellant Joel I. Beeler ("Beeler") appeals from a decision and order of the United States Tax Court sustaining the IRS's proposed levy action to collect tax penalties assessed against him pursuant to 26 U.S.C. § 6672. After a Collection Due Process ("CDP") hearing, which was held on January 30, 2007, *see* 26 U.S.C. § 6330, an IRS Appeals Officer issued a notice of determination on August 17, 2007, recommending that the IRS's proposed levy action was appropriate. On September 14, 2007, Beeler timely filed his petition before the Tax Court, challenging the Appeals Officer's determination.

On November 24, 2009, the Tax Court issued a memorandum of findings of fact and opinion permitting the IRS to proceed by levy to collect Beeler's unpaid tax penalties. This appeal followed. We assume the parties' familiarity with the underlying facts and procedural history.

\*   \*   \*

The Internal Revenue Code provides that this Court has jurisdiction "to review the decisions of the Tax Court . . . in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury." 26 U.S.C. § 7482(a)(1). We review a Tax Court's conclusions of law *de novo*, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. *See Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); *Madison Recycling Assocs. v. Comm'r*, 295 F.3d 280, 285 (2d Cir. 2002). Under the clear error standard, if the Tax

Court's "account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." *Anderson v. Bessemer City*, 470 U.S. 564, 574 (1985). "Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." *Id.* However, we will vacate a decision and remand the case for further proceedings where we cannot discern the factual basis for the court's findings. *See, e.g.*, *Estate of Stewart v. Comm'r*, 617 F.3d 148, 158-59 (2d Cir. 2010); *Banker v. Nighswander, Martin & Mitchell*, 37 F.3d 866, 871-72 (2d Cir. 1994); *Mar Oil, S.A. v. Morrissey*, 982 F.2d 830, 842 (2d Cir. 1993). On appeal, Beeler primarily argues that the Tax Court erred in sustaining the proposed levy action by the IRS because his trust fund recovery penalty ("TFRP") liability was in fact satisfied. Beeler does not challenge the Tax Court's conclusion that a Certificate of Release does not, as a matter of law, in and of itself extinguish an underlying tax liability. Rather, Beeler contends – as he did somewhat unclearly before the Tax Court – that the circumstances involved in the IRS's issuance of the Certificates of Release demonstrate, as a *factual* matter, that his tax liability was satisfied, and that the IRS acknowledged as much.

Because of the lack of clarity in Beeler's Tax Court briefs, the Tax Court understandably only considered whether the filing of a Certificate of Release itself extinguishes a tax liability, and did not state any reasons for determining that Beeler had not satisfied his TFRP obligation. Instead, the Tax Court merely ruled on the legal issue and concluded – without any analysis – that Beeler remained liable. Thus, although our review is for clear error, we conclude that the Tax Court has not sufficiently presented the factual basis for its finding, such that we may review it. We therefore vacate the judgment of the Tax Court and remand this case for clarification of the factual basis for its finding that Beeler's TFRP liability was not satisfied.

3

Beeler next argues that the statute of limitations on collection of his TFRP liability has expired because he has already satisfied that liability. Because the validity of this argument depends on whether Beeler's TFRP liability was satisfied, a factual issue for which we remand this case, we decline to consider this argument here.[1]

Beeler contends, finally, that the IRS violated its "duty of consistency" and failed to treat him in a like manner with his co-officers. The Tax Court deemed this argument procedurally barred because Beeler never raised it in his § 6330 hearing before the IRS Appeals Officer. *See Giamelli v. Comm'r*, 129 T.C. 107, 112-13 (2007); *see also* 26 C.F.R. § 301.6320-1(f)(2) ("In seeking Tax Court review of a Notice of Determination, the taxpayer can only ask the court to consider an issue . . . that was properly raised in the taxpayer's CDP hearing."). In light of this well-established procedural rule of the Tax Court, we conclude that the Tax Court did not abuse its discretion in declining to consider this argument.

---

[1] Beeler also argues for the first time on appeal that even if the statute of limitations applies, the IRS's proposed levy action is still time barred. We deem this argument waived. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008).

We have reviewed Beeler's remaining arguments and find them to be waived or without merit. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132 (2d Cir. 2008). For the foregoing reasons, the judgment of the Tax Court is VACATED, and the case REMANDED for further proceedings.[2]

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Although we resolve this appeal in the manner discussed above, we express concern over the Internal Revenue Service's conduct, including: (1) its admittedly erroneous filing of the Certificates of Release of Federal Tax Lien; (2) its use of language in the Certificate of Release of Federal Tax Lien, "certify[ing] that [Beeler] . . . satisfied the taxes listed below and all statutory additions"; (3) its subsequent notice to Beeler of its intent to levy his property five years after releasing the liens; (4) adopting a policy in the since-removed Section 5.17.2.3.6 of the Internal Revenue Manual ("I.R.M."), which facially contradicts I.R.C. § 6325(f)(2); (5) the general failure at maintaining accurate records concerning what taxes were owed and what payments were made by Beeler – at least as presented in the appellate record; (6) erroneously making entries in the account transcripts of Equidyne's other officers, Stuart Ross and Robert Liebmann, that indicated that the statute of limitations on collection of judgments against them had expired. We do not address whether this conduct has any legal impact on Beeler's underlying tax liability and write only to express our concern over the IRS's handling of this matter.