**Fred DEUTSCH, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent– Appellee.**

**Docket No. 06–2361–ag.**

United States Court of Appeals, Second Circuit.

Argued: Feb. 23, 2007.

Decided: March 2, 2007.

Ira B. Stechel (John T. Morin and Jennifer L. Marlborough, on the brief), Wormser, Kiely, Galef & Jacobs LLP, New York, NY, for petitioner.

Randolph H. Hutter, Attorney (Eileen J. O'Connor, Assistant Attorney General, and Jonathan S. Cohen, Attorney, on the brief), Tax Division, Department of Justice, Washington, DC, for respondent.

Before KEARSE, CABRANES, and KATZMANN, Circuit Judges.

JOSÉ A. CABRANES, Circuit Judge.

Petitioner Fred Deutsch appeals a decision of the United States Tax Court granting the motion for summary judgment of respondent Commissioner of Internal Revenue ("Commissioner"). *See Deutsch v. Comm'r of Internal Revenue,* 2006 WL 345848 (Tax Ct. Feb. 15, 2006). The Tax Court concluded that petitioner could not challenge the extent of his tax liabilities for 1995, 1996, and 1997 because he previously had an opportunity to dispute those liabilities.

Petitioner's argument that he should be permitted to challenge the government's assessment of his tax liability for the two years in which petitioner did

not file tax returns (1995 and 1996) is without merit. First, the Commissioner's failure to issue a formal notice of deficiency does not—taken alone—afford petitioner the opportunity to challenge his underlying liability. *See* 26 U.S.C. § 6330(c)(2)(B) (permitting "challenges to the existence or amount of the underlying tax liability ... if the person did not receive any statutory notice of deficiency for such tax liability or did not *otherwise have an opportunity to dispute such tax liability*") (emphasis added); *see also Schiff v. United States,* 919 F.2d 830, 833 (2d Cir. 1990) ("There is no requirement that the Secretary use a specific form to provide notice of a deficiency to a taxpayer."); *Perez v. United States,* 312 F.3d 191, 195 (5th Cir.2002) (noting the "substantial precedent that IRS Forms 4340 and 4549 are appropriate sources evidencing the IRS's assessment and notice of tax arrears").

■ We agree with the Tax Court's conclusion that petitioner had a previous opportunity to dispute his tax liability. On January 9, 2003, the Commissioner mailed to petitioner's tax attorney a Form 4549, or "Income Tax Examination Changes," containing the Commissioner's estimate of petitioner's tax liabilities. Petitioner's attorney signed the form, thereby consenting to an assessment of liability against petitioner and to a waiver of the right to contest such liability in the Tax Court. Petitioner had previously filed with the Internal Revenue Service a Power of Attorney Form that explicitly authorized petitioner's counsel to act on his behalf for tax purposes for the years in question. Although the Power of Attorney form excluded the power to "sign certain returns," *see* Form 2848 ¶ 5, J.A. at 87, petitioner concedes that the Form 4549 "did not ... constitute a return," *see* Pet'r Br. at 17. Accordingly, the signature of petitioner's attorney was sufficient to preclude future challenges in the Tax Court to the government's assessment of his tax liability.

■ Moreover, we see no reason to conclude that the IRS Form 4549's title, "Income Tax Examination *Changes*," precludes its use to assess petitioner's tax liability simply because petitioner did not file an original return. J.A. at 35 (emphasis added). We have held that "when a taxpayer does not file a tax return, it is as if he filed a return showing a zero amount for the purposes of assessing a deficiency." *Schiff,* 919 F.2d at 832. Accordingly, any assessment contained in the Form 4549 was effectively a change to the original amount of tax liability claimed by petitioner—namely, zero dollars. *See also id.* ("There is no requirement that the IRS complete a substitute return.").

Finally, petitioner's argument that the Commissioner abused his discretion by declining to accept petitioner's amended tax returns for 1997 is without merit. *See Dover Corp. & Subsidiaries v. Comm'r,* 148 F.3d 70, 72 (2d Cir.1998) ("[T]here is nothing in either the Internal Revenue Code or the regulations thereunder that requires the IRS to accept the amended tax return in place of the original return previously filed.") (internal quotation marks omitted).

Accordingly, the decision of the Tax Court is AFFIRMED.