**Burton BLOCK, Renee Block,
Petitioners–Appellants,**

v.

**COMMISSIONER of INTERNAL
REVENUE, Respondent–
Appellee.**

No. 08–0799–ag.

United States Court of Appeals,
Second Circuit.

Dec. 5, 2008.

Joe A. Izen, Jr., Bellaire, TX, for Appellant.

STEVEN PARKS, Attorney, Tax, Division, Department of Justice (Nathan J. Hochman, Assistant Attorney General, Regina S. Moriarty, Attorney, Tax Division, of counsel), Washington, DC, for Appellee.

Present ROBERT D. SACK, RICHARD C. WESLEY, Circuit Judges,
LAWRENCE E. KAHN,* District Judge.

## SUMMARY ORDER

Burton and Renee Block appeal from a judgment of the Tax Court affirming an Internal Revenue Service ("IRS") judgment sustaining the collection of outstanding tax liabilities by levy. We assume the parties' familiarity with the facts and procedural history of this case, and the issues presented on this appeal.

On August 14, 1995, the IRS determined that the Blocks owed more than $700,000 in back income taxes to the IRS because of tax deductions taken by the Blocks in 1975, 1977, 1979, 1980, and 1982, that had been disallowed by the Commissioner of the IRS. On August 15, 2005, following several Offers in Compromise by the Blocks, the IRS filed its seventh notice of intent to levy, wherein the IRS informed the Blocks that pursuant to I.R.C. § 6330 the Blocks had the right to a collection due process ("CDP") hearing with the IRS Appeals Office. The Blocks filed a request for such a CDP hearing, which was thereafter conducted.

Following the hearing, the Appeals Office issued a Notice of Determination ("NOD") sustaining the collection of the outstanding taxes by levy. The Office rejected the Blocks' claim that the levy cre-

ated a financial hardship, noting that it was not supported by any documentation. The Office also rejected the Blocks' claim that the assessment was untimely, noting that the Blocks' reliance on when the assessment was entered into the IRS computer system was misplaced because the date the assessments were entered into the computer was not directly related to, and could not be used to determine, the date of the assessment.

The Blocks filed a petition seeking review of the NOD by the Tax Court. The court decided that the IRS could proceed with collection of the outstanding tax liabilities as described in the NOD. The court concluded that the IRS had not abused its discretion in finding the assessments timely. It also noted that while the Blocks had made payments related to the outstanding tax liability, they were reflected in the record; the balance shown appeared to be accurate. The court also concluded that the Blocks' claim of financial hardship because of Burton Block's medical condition was not supported by any documentation below. In any event, it had not been raised in connection with the petition to the Tax Court and was therefore treated as waived.

We review the Tax Court's conclusions of law de novo, its findings of fact for clear error, and its application of its procedural rules for abuse of discretion. *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir.2003); *Estate of Gloeckner v. Comm'r*, 152 F.3d 208, 212 (2d Cir.1998). Mixed questions of law and fact, entailing the application of a legal standard to a given factual pattern, are reviewed for clear error. *See, e.g. Merrill Lynch & Co., Inc. v. Comm'r*, 386 F.3d 464, 469 (2d Cir.2004).

---

* The Honorable Lawrence E. Kahn, United States District Judge for the Northern District of New York, sitting by designation.

Where the underlying tax liability is at issue, the Tax Court reviews the Appeals Office's determination de novo, but where the underlying tax liability is not at issue, the Appeals Office's decisions are reviewed by the Tax Court for an abuse of discretion. *Goza v. Comm'r,* 114 T.C. 176, 181, 2000 WL 283864 (2000); *Davis v. Comm'r,* 115 T.C. 35, 39, 2000 WL 1048515 (2000); *see also Living Care Alts. of Utica, Inc., v. United States,* 411 F.3d 621, 626 (6th Cir. 2005).

We review the Tax Court's decision reviewing an Appeals Office's determination de novo, i.e., we review the Appeals Office determination by the same standard as the Tax Court: for abuse of discretion where the underlying liability is not at issue, and de novo when it is. *See Robinette v. Comm'r,* 439 F.3d 455, 462 (8th Cir.2006); *see also Living Care Alternatives,* 411 F.3d at 628–31; *see also Olsen,* 414 F.3d at 151–54.

The Blocks raise three arguments on appeal: that the Tax Court erred in upholding the Appeals Office's determination because (1) the IRS failed to explain how it had credited $398,000 the Blocks had paid to their tax liability; (2) it failed to consider Burton Block's medical condition in assessing economic hardship; and (3) it did not require proof of the date of assessment when it approved the levy. The arguments are without merit.

A taxpayer cannot challenge his or her underlying tax liability in a CDP hearing if he or she has had the opportunity to challenge it previously. I.R.C. § 6630(c)(2)(B); *see also Living Care Alternatives,* 411 F.3d at 624; *Kindred v. Comm'r,* 454 F.3d 688, 694 n. 15 (7th Cir.2006); *Deutsch v. Comm'r,* 478 F.3d 450, 452 (2d Cir.2007). Because the Blocks settled their original Tax Court case, which dealt with the underlying assessment, have filed seven Offers in Compromise, and have admitted they had a previous opportunity to challenge the underlying liability, they cannot do so in a CDP hearing. The $398,000 in payments were made in 1986 and 1987, while the assessment at issue was made, and agreed to by the Blocks, in 1995. It follows, then, that if the IRS failed to credit the $398,000 in payments, this would have made the underlying liability assessed in 1995 erroneous. Therefore, the Blocks' challenge as to whether the $398,000 was properly credited to their liability is a challenge to the underlying tax liability. Because the Blocks have had an opportunity to challenge this underlying liability before, they cannot do so in the CDP hearing, and the Tax Court and Appeals Office did not err in not requiring the IRS to show how it credited the $398,000 in payments.

The Blocks' second argument—that the Appeals Office erred in finding that they had not established financial hardship based on Burton Block's medical condition—was waived. The Tax Court noted that this argument was not raised before it, which counsel for the Blocks also conceded at oral argument on appeal before us. Pursuant to Tax Court rules, when petitioning for relief from an Appeals Office determination pursuant to I.R.C. § 6330(d), the petition must contain "[c]lear and concise assignments of each and every error which the petitioner alleges to have been committed in the notice of determination. Any issue not raised in the assignments of error shall be deemed to be conceded." Tax Ct. R. 331(b)(4); *see also Craig v. Comm'r,* 119 T.C. 252, 264, 2002 WL 31526562 (2002). Because the Blocks did not raise this issue in their petition to the Tax Court, it has been waived. (We note parenthetically that although the Blocks argue that they need not predict the future cost of Burton Block's medical care to make this claim, it appears that

under the circumstances presented and the statutory framework for compromising tax liability for economic hardship, a taxpayer's statement that he or she has a disease and that it will be expensive is not sufficient to find that the Appeals Office abused its discretion by not granting a compromise based on economic hardship. *See* 26 C.F.R. § 301.6343–1(b)(3), (b)(4); 26 C.F.R. § 301.7122–1(b)(3), (c)(3)(A)-(C); *see also Fargo v. Comm'r,* 447 F.3d 706, 710 (9th Cir.2006).)

The Blocks' argument that the assessment was untimely focuses incorrectly on the date the assessment was entered into the IRS computer system rather than the date the summary record was signed. "The date of the assessment is the date the summary record is signed by an assessment officer." 26 C.F.R. § 301.6203–1. The Blocks make no argument that the signing of the summary record of assessment was untimely, and could point to no law or regulation to support the notion that the entry of the assessment into the IRS computer system has any relationship to the question whether an assessment is timely. There is thus no support for their argument that the Appeals Office abused its discretion in finding the assessment timely.

For the foregoing reasons, the judgment of the Tax Court is hereby AFFIRMED.