SUMMARY ORDER

Petitioner Parviz Lavi, pro se, appeals the Tax Court’s grant of summary judgment dismissing his petition challenging notices of determination issued by the Internal Revenue Service (“IRS”) Office of Appeals. We assume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
We review the Tax Court’s conclusions of law de novo, its factual findings for clear error, and its application of its own procedural rules for abuse of discretion. See Sunik v. Comm’r, 321 F.3d 335, 337 (2d Cir.2003); Madison Recycling Assocs. v. Comm’r, 295 F.3d 280, 285 (2d Cir.2002); 26 U.S.C. § 7482(a)(1) (“The United States Courts of Appeals ... shall ... review the decisions of the Tax Court ... in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury”).
Before the IRS imposes a levy, it must provide notice to the taxpayer of his right to request a collection due process (“CDP”) hearing before the Office of Appeals. See 26 U.S.C. § 6330. As part of the hearing, the Appeals Officer is to verify “that the requirements of any applicable law or administrative procedure have been met.” Id. at § 6330(c)(1). At the hearing, the taxpayer may raise a spousal defense, challenge the appropriateness of the collection action, propose a collection alternative, or raise any other relevant issue pertaining to the unpaid tax. See id. at § 6330(c)(2)(A). However, a taxpayer cannot challenge his underlying tax liability if he has had an opportunity to contest it previously. See id. at § 6630(c)(2)(B); Deutsch v. Commissioner, 478 F.3d 450, 452 (2d Cir.2007). Furthermore, the taxpayer is precluded from raising an issue that was raised and considered in any “previous administrative or judicial proceeding.” 26 U.S.C. § 6330(c)(4)(A)(i).
Here, the Tax Court properly granted the Government summary judgment because Petitioner was precluded from challenging his underlying tax liabilities under 26 U.S.C. § 6330(c)(2). Contrary to Petitioner’s contention that § 6330(c)(2) allows *589 him to contest his underlying tax liability, § 6330(c)(2)’s language is clear that where a taxpayer received notices of deficiency and had a prior opportunity to challenge a tax liability, as is undisputed here, the taxpayer is barred from doing so again in a CDP proceeding.
We have carefully reviewed the Petitioner’s remaining arguments and find them to be without merit.
Accordingly, there is no basis on which to challenge the order of the Tax Court.
For the foregoing reasons, the order of the Tax Court is hereby AFFIRMED.