**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SHERYL L. ULRICH; JUDSON L.
ULRICH,
                    *Petitioners,*

          v.

COMMISSIONER OF INTERNAL
REVENUE,
                    *Respondent.*

No. 08-70718

Tax Ct. No.
7738-06L

OPINION

Appeal from a Decision of the
United States Tax Court

Argued and Submitted
September 17, 2009—San Francisco, California

Filed November 3, 2009

Before: Mary M. Schroeder, Stephen Reinhardt and
Carlos T. Bea, Circuit Judges.

Per Curiam Opinion

**COUNSEL**

Joe Alfred Izen, Jr., Bellaire, Texas, for the petitioners.

Nathan J. Hochman, Assistant Attorney General, and Steven W. Parks and Ivan C. Dale, Attorneys, Tax Division, Department of Justice, Washington, D.C., for the respondent.

**OPINION**

PER CURIAM:

Judson and Sheryl Ulrich appeal a decision of the United States Tax Court denying their appeal from a Collection Due Process Hearing in which the Internal Revenue Service (IRS) Appeals Office determined that the IRS could proceed with collection of the Ulrichs' 1999, 2000, and 2001 taxes. We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1). We affirm.

At the conclusion of an audit of the Ulrichs' 1999, 2000, and 2001 tax returns, the Ulrichs and the IRS Tax Examiner signed IRS Income Tax Examination Changes Form 4549 (the Form), which reflected a revised calculation of the Ulrichs' tax liability for those years. The Form included the following clause:

> Consent to Assessment and Collection — I do not wish to exercise my appeal rights with the Internal Revenue Service or to contest in the United States Tax Court the findings in this report. Therefore, I give my consent to the immediate assessment and collection of any increase in tax and penalties, and accept any decrease in tax and penalties shown above, plus additional interest as provided by law. It is understood that this report is subject to acceptance by the Area Director, Area Manager or Director of Field Operations.

The Ulrichs did not receive any notice that the Form had been accepted by the "Area Director, Area Manager or Director of Field Operations." However, they did receive tax bills that were consistent with the Form. The Ulrichs did not pay the bills. On April 30, 2005, the IRS sent the Ulrichs a Final Notice of Intent to Levy, which stated that the IRS planned to place a levy on the Ulrich's property in order to satisfy their tax obligations for 1999, 2000 and 2001.

The Ulrichs requested a hearing to appeal the levy. *See* 26 U.S.C. § 6330. In their request for a hearing, the Ulrichs stated that they disagreed with the liability amount claimed by the IRS. However, at the hearing the Ulrichs failed to introduce any evidence, and the IRS Appeals Office determined that the IRS could proceed with the levy. The Ulrichs appealed that decision to the U.S. Tax Court. In Tax Court, the Ulrichs argued that they had no tax liability for 1999, 2000, or 2001 because the IRS had failed to issue a notice of deficiency for those years. *See* 26 U.S.C. § 6213(a); *Hoyle v.*

*Comm'r*, 131 T.C. No. 13 (2008) (stating that an assessment of tax liability is invalid if it is not preceded by the issuance of a notice of deficiency). The Ulrichs further argued that the Form in which they consented to immediate assessment was a nullity because it was never accepted by the appropriate IRS official.

The Tax Court rejected the Ulrichs' arguments. It found that, by signing the Form 4549, the Ulrichs had waived their right to receive a notice of deficiency and to raise challenges to the liability set forth on the Form. It further held that the IRS had accepted the Form by performing in accordance with its terms.

**[1]** We review the Tax Court's legal conclusions de novo. *Boyd Gaming Corp. v. Comm'r*, 177 F.3d 1096, 1098 (9th Cir. 1999). We hold that when the Ulrichs signed the Form, which indicated their consent to "immediate assessment and collection of any increase in tax and penalties . . . shown [on the Form]," they waived their right to receive a notice of deficiency prior to collection of the amount listed on the Form and to raise pre-collection objections to that amount. This conclusion follows from the plain language of the Form and is in accordance with the interpretations of the Form made by the United States Tax Court and the Second Circuit. *See Deutsch v. Comm'r*, 478 F.3d 450, 452 (2d Cir. 2007), *cert. denied,* 128 S. Ct. 314 (2007); *Aguirre v. Comm'r*, 117 T.C. 324, 327 (2001).

**[2]** We also hold that, contrary to the Ulrichs' contention, their waiver did not require acceptance by the IRS to become effective. Normally, the IRS must issue a notice of deficiency and wait 90 days before initiating collection proceedings against a taxpayer. 26 U.S.C. § 6213(a). During this time, interest accrues on the taxpayer's liability. 26 U.S.C. § 6601. However, the Tax Code allows a taxpayer to waive the right to receive a notice of deficiency and to contest liability prior to collection unilaterally by filing a signed writing with the

IRS. *See* 26 U.S.C. § 6213(d). If a taxpayer files a waiver, the IRS does not have to wait before initiating collection, and the taxpayer does not have to pay the interest that would otherwise accrue during the waiting period. 26 U.S.C. § 6601(c); *see also United States v. Price*, 361 U.S. 304, 307-09 (1960) (noting that the purpose of the waiver provision is to allow a taxpayer who does not wish to contest the underlying liability to avoid accruing interest).

**[3]** No acceptance by the IRS is required to make a taxpayer's waiver of the right to receive a notice of deficiency and contest liability effective. *See* 26 U.S.C. §§ 6601(c), 6213(d). Once the IRS assesses taxes in accordance with the terms of the waiver, the waiver becomes irrevocable. 26 C.F.R. § 301.6213-1(d). The waiver the Ulrichs signed as part of the Form constituted a waiver of the right to receive a notice of deficiency and to contest liability, as contemplated by § 6213(d). As such, it relieved the Ulrichs of the obligation to pay interest that otherwise might have accrued and did not require acceptance by the IRS.

**[4]** We note that, by signing Form 4549, the Ulrichs have waived only their *pre-collection* right to contest their liability. Once the Ulrichs have paid the amounts assessed in the Form, they are free to challenge their liability in the District Court. *See* 26 C.F.R. § 601.105(b)(4).

AFFIRMED.