12-2446-ag
*Williams v. Comm'r*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term 2012

(Submitted:  May 13, 2013     Decided:  May 21, 2013)

Docket No. 12-2446-ag

_____

OLIVER W. WILLIAMS,

*Petitioner-Appellant,*

HARRIET S. WILLIAMS,

*Petitioner,*

v.

COMMISSIONER OF INTERNAL REVENUE,

*Respondent-Appellee.*

_____

Before:
        CHIN and LOHIER, *Circuit Judges*, and SWAIN, *District*

        *Judge.*[*]


        _____


_____

        [*]     The Honorable Laura Taylor Swain, of the United States
District Court for the Southern District of New York, sitting by
designation.

Appeal from an Order and Decision of the United States Tax Court (Armen, *J.*) granting summary judgment in favor of the Commissioner of Internal Revenue and sustaining a proposed levy to recover outstanding income tax liabilities for the 2000, 2001, and 2002 taxable years.

AFFIRMED.

_____

Oliver W. Williams, *pro se*, Ossining, New York, *Petitioner-Appellant*.

Patricia McDonald Bowman, Joan I. Oppenheimer, *for* Kathryn Keneally, Assistant Attorney General, United States Department of Justice, Tax Division, Washington, District of Columbia, *for Respondent-Appellee*.

_____

PER CURIAM:

Petitioner-appellant Oliver W. Williams, an attorney, appeals *pro se* from an Order and Decision dated May 14, 2012 of the United States Tax Court (Armen, *J.*) granting summary judgment in favor of respondent-appellee Commissioner of Internal Revenue (the "Commissioner") and sustaining a proposed levy to collect outstanding income

tax liabilities owed by Williams and his wife for the 2000, 2001, and 2002 taxable years.  We affirm.

## *BACKGROUND*

Between 1995 and 2002, Williams and his wife ("taxpayers") underpaid their federal income taxes.  In 2006, the Internal Revenue Service (the "IRS") notified taxpayers that it planned to seek a federal tax lien against the outstanding tax liability.  The tax court ruled against the taxpayers, sustaining the IRS's proposed tax lien, and on appeal -- where taxpayers did not contest the underlying tax liability for those taxable years -- we affirmed.  *See Williams v. Comm'r*, 299 F. App'x 92, 93-94 (2d Cir. 2008) (summary order).

By 2010, of the tax liability at issue in the previous litigation, only three years of income tax liability remained in dispute:  2000, 2001, and 2002.  On October 15, 2010, the IRS sent taxpayers a Final Notice of Intent to Levy and of Your Right to a Hearing.  The notice stated that the IRS intended to levy $17,949.76, $22,698.26, and $19,955.01, inclusive of penalties and interest, for the 2000, 2001, and 2002 taxable years,

respectively. In addition, the IRS notified taxpayers of their right to contest the levy in a collection due process ("CDP") hearing. Taxpayers, proceeding without representation, timely requested a CDP hearing; they (1) claimed they had no tax liability; (2) contended that, even if tax were owed, it was not collectible; and (3) challenged certain IRS procedures.

By letter dated January 25, 2011, Thomas A. Conley, a settlement officer with the IRS Office of Appeals ("Appeals Office") scheduled a February 24, 2011 telephone conference with taxpayers. The letter indicated that Conley could not consider collection alternatives unless taxpayers completed a Collection Information Statement and verified their income and expenses. Conley further informed taxpayers that they were required to submit all outstanding federal income tax returns. In response, on three separate occasions, taxpayers requested an in-person hearing in New York City; Conley told them, however, that an in-person CDP hearing was not possible unless taxpayers provided the requested information. Taxpayers did not

comply with the document request and did not call in for the scheduled telephone conference.

On March 21, 2011, the Appeals Office issued a Notice of Determination sustaining the proposed levy. Taxpayers timely filed a petition in the tax court, appealing the determination and alleging, *inter alia*, that the Appeals Office had failed to grant them a face-to-face CDP hearing and wrongly sustained the levy. The Commissioner moved for summary judgment, arguing that Conley had acted within his discretion in sustaining the levy without granting the request for an in-person hearing. The tax court granted the motion. Williams timely appealed.

## DISCUSSION

### A. *Standard of Review*

We review decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions." IRC § 7482(a)(1). Hence, we review *de novo* a grant of summary judgment by the tax court. *See Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998). To review the tax court's grant of summary

-5-

judgment, we must also review the decision by the Appeals Office.  We have not, however, established the appropriate standard of review for an appeal arising from a CDP hearing.[1]

The CDP hearing was created by the IRS Restructuring and Reform Act of 1998.  Pub. L. No. 105-206, § 3401, 112 Stat. 685, codified at IRC § 6330.  It provided a taxpayer with an opportunity to challenge an IRS levy *before* seizure through an independent appeals process.  *See* IRC § 6330(a)(1).  Although the statute codifies the right to judicial review of the IRS appeals process by a tax court, *see* IRC § 6330(d)(1), it does not identify the standard of review.  The legislative history, however, is instructive:

_____

[1]    We have repeatedly set forth the standard of review in summary orders, *see Sher v. Comm'r*, 381 F. App'x 62, 63-64 (2d Cir. 2010) (summary order) (abuse of discretion review when appellants do not contest underlying tax liability in CDP hearing); *Salazar v. Comm'r*, 338 F. App'x 75, 77 (2d Cir. 2009) (summary order) (same); *Reichle v. Comm'r*, 303 F. App'x 987, 988 (2d Cir. 2008) (summary order) (same); *Block v. Comm'r*, 301 F. App'x 75, 77 (2d Cir. 2008) (summary order) (*de novo* review of tax court decisions, applying the same standards as the tax court:  review of CDP hearings for abuse of discretion where underlying liability is not contested and *de novo* review when it is), but we have not issued a precedential opinion in this respect.

> Where the validity of the tax liability was properly at issue in the hearing, and where the determination with regard to the tax liability is a part of the appeal, no levy may take place during the pendency of the appeal. The amount of tax liability will in such cases be reviewed by the appropriate court on a de novo basis. Where the validity of the tax liability is not properly part of the appeal, the taxpayer may challenge the determination of the appeals officer for abuse of discretion.

H.R. Conf. Rep. No. 105-599, at 266 (1998). Many courts have adopted this tiered standard of review. *See Kindred v. Comm'r*, 454 F.3d 688, 694 (7th Cir. 2006); *Robinette v. Comm'r*, 439 F.3d 455, 458-59 & n.2 (8th Cir. 2006); *Living Care Alts. of Utica, Inc. v. United States*, 411 F.3d 621, 626 (6th Cir. 2005). *See also Dalton v. Comm'r*, 682 F.3d 149, 155-56 (1st Cir. 2012) (reviewing factual and legal conclusions for reasonableness, which is "part and parcel" of the abuse of discretion inquiry). We expressly adopt that standard today. Therefore, because Williams has abandoned his challenges to the validity of the underlying tax liability, he may challenge the Appeals Office's decision only for abuse of discretion. *See Jones v. Comm'r*, 338 F.3d 463, 466 (5th Cir. 2003) (per curiam) ("In a collection due process case in which the underlying tax

liability is properly at issue, the Tax Court (and hence this Court) reviews the underlying liability *de novo* and reviews the other administrative determinations for an abuse of discretion.").

**B.   *Determination Without Face-to-Face CDP Hearing***

**1.   *Applicable Law***

Before the IRS imposes a levy, it must notify a taxpayer of his right to request a CDP hearing.  IRC § 6330(a)(1).  As part of the hearing, the Appeals Office must verify "that the requirements of any applicable law or administrative procedure have been met."  *Id.* § 6330(c)(1). A CDP hearing, although it provides a taxpayer with an opportunity to be heard, is "informal in nature" and does not require a face-to-face meeting.  Treas. Reg. § 301.6330-1(d)(2), A-D6.  A taxpayer who presents "relevant, non-frivolous reasons" for disagreeing with the proposed levy will "ordinarily" be offered an in-person hearing, *id.* at A-D7; a face-to-face meeting, however, is not required.  In fact, a CDP "hearing" may consist of "one or more written or oral communications" between the Appeals Office and the taxpayer or merely a "review of the

documents in the case file." *Id.* at A-D6 & A-D7. Even if the CDP hearing consists of an in-person meeting or a telephone conversation, a "transcript or recording . . . is not required." *Id.* at A-D6.

At the CDP hearing, the taxpayer may challenge the propriety of the collection action, propose a collection alternative, or raise any other relevant issue pertaining to the unpaid tax. *Id.* § 6330(c)(2)(A). Generally, however, a taxpayer may not challenge the underlying tax liability unless he "did not otherwise have an opportunity to dispute such tax liability." *Id.* § 6330(c)(2)(B); *see also Deutsch v. Comm'r*, 478 F.3d 450, 452 (2d Cir. 2007) (petitioner's attorney consented to tax assessment and waived right to contest liability, precluding a later challenge). The IRS may request, and a taxpayer "will be expected to provide[,] all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing." Treas. Reg. § 301.6330-1(e)(1). Moreover, if offering collection alternatives, a taxpayer must first file all required tax returns before seeking an in-person

conference.  *See id.* § 301.6330-1(d)(2), at A-D8 (noting that IRS generally will not entertain offers to compromise in person unless the taxpayers would be eligible in other circumstances).

### 2.  *Application*

Williams argues that Conley abused his discretion by issuing a determination on the proposed levy without first affording him an in-person CDP hearing.  This argument has no merit.

As an initial matter, Williams assumes that he is entitled to a face-to-face conference.  This misstates the law, and numerous courts have concluded that the IRS may issue a final determination without an in-person hearing. *See, e.g., Murphy v. Comm'r*, 469 F.3d 27, 30 (1st Cir. 2006) (CDP hearing process is informal and "no face-to-face meetings are necessary"); *Kindred*, 454 F.3d at 691 n.7, 695 n.19 (CDP hearings need not be face-to-face); *see also* Treas. Reg. § 301.6330-1(d)(2), A-D6.

Moreover, the IRS was justified in denying a face-to-face hearing here for three reasons.  First, Williams presented Conley with only frivolous arguments.  *See* Treas.

-10-

Reg. § 301.6330-1(d)(2), A-D7 & A-D8. He challenged his underlying tax liability even though he had received "an opportunity to dispute such tax liability" in the prior litigation. IRC § 6330(c)(2)(B); *see Williams*, 299 F. App'x at 93. He also argued that collection was time-barred even though a tolling statute extended the statute of limitations for the duration of any CDP hearing and subsequent related appeals. *See* IRC § 6502(a)(1) (ten-year statute of limitations for collection of taxes); *id.* § 6330(e)(1) (tolling statute); *see also Lunsford v. Comm'r*, 117 T.C. 183, 189 (2001) (taxpayers who abandoned arguments and raised only previously-rejected legal arguments were not entitled to CDP hearing).

Second, despite requests from Conley to do so, Williams never submitted the 2009 tax return or the other requested documentation. The IRS will not grant a face-to-face hearing to "a taxpayer who wishes to make an offer to compromise" but has not yet filed required returns or made certain deposits of tax. Treas. Reg. § 301.6330-1(d)(2), at A-D8. Because Williams did not comply with the document request, Conley acted within his discretion to deny an in-

person hearing.  *See, e.g., Klingenberg v. Comm'r*, 104

T.C.M. (CCH) 470, at \*7 (2012) (no abuse of discretion to

deny face-to-face hearing where, *inter alia*, taxpayer never

submitted requested financial information or tax returns);

*see also Rodriguez v. Comm'r*, 85 T.C.M. (CCH) 1414, at \*4-5

(2003).

Third, Conley consulted internal IRS procedures

before denying the face-to-face hearing.  These guidelines

directed the Appeals Office to deny in-person hearing

requests when a taxpayer made only frivolous or dilatory

arguments, or did not file all required returns.

Accordingly, Conley did not abuse his discretion by denying

an in-person hearing or by sustaining the proposed levy,

and, therefore, the tax court did not err by so concluding.

### *CONCLUSION*

For the foregoing reasons, the Order and Decision

of the tax court is **AFFIRMED.**