*Bletsas v. Commissioner of Internal Revenue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of November, two thousand nineteen.

PRESENT:     ROBERT D. SACK,
             PETER W. HALL,
             JOSEPH F. BIANCO,
                         *Circuit Judges*,

---

Kathy Bletsas,

                    *Petitioner–Appellant*,

             v.                                         No. 18-2647

Commissioner of Internal Revenue,

                    *Respondent–Appellee.*

---

For Appellant:             FRANK  AGOSTINO,  Agostino  &  Associates, Hackensack, NJ

For Appellee:              RICHARD E. ZUCKERMAN, Principal Deputy Assistant Attorney General (Deborah K. Snyder, Karen G. Gregory, Tax Division, *on the brief*), Department of Justice, Washington, DC

Appeal from a judgment of the United States Tax Court (Lauber, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Petitioner–Appellant Kathy Bletsas appeals from the August 14, 2018 order of the United States Tax Court (Lauber, *J.*) granting summary judgment to the Commissioner of Internal Revenue in a dispute over the filing of the Notice of Federal Tax Lien with respect to civil penalties asserted for the third and fourth quarters of 2014 and the first quarter of 2015. Bletsas does not challenge her underlying tax liability. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review decisions of the tax court "in the same manner and to the same extent as decisions of the district courts in civil actions . . .." I.R.C § 7482(a)(1). This Court, therefore, reviews *de novo* the Tax Court's grant of summary judgment. *Williams v. Comm'r*, 718 F.3d 89, 91 (2d Cir. 2013). Where, as here, the underlying tax liability is not at issue, we review the Commissioner's determination for abuse of discretion. *Reichle v. Comm'r*, 303 F. App'x 987, 988 (2d Cir. 2008) (summary order) ("[I]f we conclude that the IRS appeals officer did not abuse his discretion in upholding the lien imposed on the petitioners, then summary judgment was properly granted and we will affirm the Tax Court's decision." (quoting *Kindred v. Comm'r,* 454 F.3d 688, 694 (7th Cir. 2006))).

The underlying tax liability is not properly at issue on this appeal. Bletsas was an officer and the sole shareholder of Delta, a New York corporation. Bletsas concedes that Delta did not pay trust fund taxes for the third and fourth quarters of 2014 and the first quarter of 2015 and that she did not respond to the IRS' notice of proposed liability for the 2014 and 2015 taxes, which

2

was sent to her by certified mail in 2015.[1] Bletsas was, therefore, precluded from challenging her trust fund recovery penalty liability at the subsequent collection-due-process hearing. 26 U.S.C. § 6330(c)(2)(B).

In sustaining the proposed filing of the notice of a federal tax lien, the IRS Appeals Officer did not abuse its discretion. When making this determination, the Tax Code requires that an IRS Appeals Officer consider (1) whether the administrative requirements for a collection action have been met, (2) the issues raised by the taxpayer at the hearing, and (3) "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the person that any collection action be no more intrusive than necessary." 26 U.S.C. § 6330(c)(3). Bletsas claims that the IRS Appeals Officer failed to verify that the trust fund recovery penalties were approved pursuant to § 6751(b). This assertion is not supported by the record. The Appeals Officer reviewed the IRS records including the ICS History Transcript to determine that the administrative requirements had been met. The ICS History Transcript shows the revenue officer's supervisor approved Form 4183 (which recommends a trust fund recovery penalty assessment).[2]

The IRS Appeals Officer found that the trust fund recovery penalties were appropriate because Form 4180 was not provided by Bletsas and the Internal Review Manual provides that

---

[1] Bletsas argues that the Commissioner has not provided proof that the letter was delivered to Bletsas. This is a red herring. Bletsas does not deny receiving the letter or challenge whether it was properly issued. *See* I.R.C. § 6672(b); I.R.C. § 6212(b). In addition, the IRS Appeals Officer verified that the letter had been properly issued.

[2] The Tax Court has held that approval of Form 4183 demonstrates approval of the trust fund recovery penalties. We see no reason to question this conclusion, and Bletsas does not provide one. *See Blackburn v. Comm'r of Internal Revenue*, No. 27721-14L, 2018 WL 1660758, at *3 (T.C. Apr. 5, 2018) ("Form 4183 provides a [] mechanism to demonstrate supervisory approval.").

3

trust fund penalties may be appropriate when financial information has not been provided.[3] This finding is consistent with the language in the manual and supported by the record.

In sum, our review of the record demonstrates that the Appeals Officer reasonably determined that the requirements of § 6330(c)(3) had been met, and we hold, therefore, that summary judgment was properly granted by the Tax Court. We have reviewed the parties' remaining arguments and find them to be without merit. The judgment of the Tax Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[3] The manual states that trust fund penalties "must be considered" based on procedures including "[c]onduct[ing] financial analysis to determine whether the penalty, if assessed would be collectible." I.R.M. pt. 5.14.7.4.1(7) (Mar. 11, 2011).