Rivas v. Comm'r

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of May, two thousand twenty.

PRESENT:
> JOHN M. WALKER, Jr.,
> ROSEMARY S. POOLER,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

Ivan Rivas,

> *Petitioner-Appellant*,

> v.                                                                19-419

Commissioner of Internal Revenue,

> *Respondent-Appellee*.

_____

FOR PETITIONER-APPELLANT:          Ivan Rivas, pro se, Loch Sheldrake, NY.

FOR RESPONDENT-APPELLEE:          Richard E. Zuckerman, Principal Deputy
                                                      Assistant Attorney General, Arthur T.
                                                      Catterall, Kathleen E. Lyon, Attorneys, Tax
                                                      Division, Department of Justice,
                                                      Washington, DC.

Appeal from a decision of the United States Tax Court (Thornton, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED**.

Ivan Rivas, proceeding pro se, appeals a decision of the United States Tax Court granting summary judgment to the Commissioner of the Internal Revenue Service ("IRS") in the IRS's collection action for Rivas' failure to file a 2010 tax return. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the Tax Court's grant of summary judgment de novo and its application of its procedural rules for abuse of discretion. *Sunik v. Comm'r*, 321 F.3d 335, 337 (2d Cir. 2003); *Eisenberg v. Comm'r*, 155 F.3d 50, 53 (2d Cir. 1998). "Summary judgment is properly granted where no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law." *Eisenberg*, 155 F.3d at 53. When the underlying tax liability is not at issue in the administrative proceeding, this Court, like the Tax Court, reviews the administrative proceedings for abuse of discretion. *Williams v. Comm'r*, 718 F.3d 89, 92 (2d Cir. 2013).

We conclude that Rivas was properly precluded from challenging his underlying tax liability in the collection due process ("CDP") hearing, and was not entitled to a face-to-face hearing. The Tax Court therefore properly granted summary judgment to the IRS.

Under 26 U.S.C. § 6330, a taxpayer is entitled to a hearing to contest the collection actions taken against him or to discuss collection alternatives. 26 U.S.C. §§ 6330(b), (c)(2). The taxpayer may also contest his underlying tax liability if he "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." *Id.* § 6330(c)(2)(B). Rivas argues that he never received the notice of deficiency and was therefore entitled to challenge his underlying liability. But even if he did not receive the notice of deficiency, Rivas does not dispute that he received the October 2016 notice of a federal tax lien.

Rivas argues that this tax lien notice did not offer him an opportunity to challenge the underlying tax liability because it was not a court proceeding. He did not raise this argument in the Tax Court and it is therefore waived. *See In re Nortel Networks Corp. Sec. Litigation*, 539 F.3d 129, 132-33 (2d Cir. 2008). In any event, the argument is meritless. The statute requires only that the taxpayer have been afforded "an opportunity to dispute . . . tax liability" and does not require him to have participated in a full court proceeding. *See* 26 U.S.C. § 6330(c)(2)(B). Generally, an "opportunity" is afforded when a taxpayer has the option to bring a challenge in either Tax Court or a more informal administrative appeal. *See Deutsch v. Comm'r*, 478 F.3d 450, 452 (2d Cir. 2007) (a notice is sufficient "previous opportunity" to contest liability). Here, the IRS sent Rivas a notice of a federal tax lien in 2016 that stated the amount of the tax liability and offered Rivas an opportunity to request a hearing. Because Rivas therefore was previously offered an opportunity to challenge liability in 2016, Rivas was properly precluded from challenging his underlying tax liability at the CDP hearing for the 2017 notice of intent to levy.

Rivas also contends that he was denied due process because he was denied a face-to-face hearing at the IRS office closest to his home. But there is no right to a face-to-face CDP hearing; more informal procedures, such as a telephonic hearing or written communications, may be used instead. *See Williams*, 718 F.3d at 92. Rivas was offered a telephonic hearing and the opportunity to submit written evidence, which satisfied the procedural requirements. Further, Rivas does not dispute that he failed to appear for the telephonic hearing.

We have reviewed the remainder of Rivas' arguments and find them to be without merit. For the foregoing reasons, the decision of the Tax Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court