*Seggerman v. Comm'r of Internal Revenue*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*.

_____

HENRY SEGGERMAN,

> *Petitioner-Appellant*,

v.                                                                    23-8034

COMMISSIONER OF INTERNAL REVENUE,

> *Respondent-Appellee*.*

_____

\* The Clerk of the Court is respectfully directed to amend the official caption as set forth above.

_____

FOR PLAINTIFF-APPELLANT: HENRY SEGGERMAN, *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE: JOHN SCHUMANN (Clint A. Carpenter, *on the brief*), *for* David A. Hubbert, Deputy Assistant Attorney General, Tax Division, Department of Justice, Washington, DC.

Appeal from a decision of the United States Tax Court (Kathleen Kerrigan, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Tax Court is **AFFIRMED**.

Petitioner-Appellant Henry Seggerman was assessed a $4,218,140 liability in connection with a tax fraud conviction. The district court ordered Seggerman to make monthly payments of at least 10% of his gross monthly income to the Internal Revenue Service ("IRS") beginning thirty days after the date of judgment or his release from custody, whichever was later. After Seggerman was released from prison and began making payments toward his restitution obligation, the IRS filed a Notice of Federal Tax Lien ("NFTL").

Seggerman challenged the NFTL in a Collection Due Process ("CDP") hearing. He argued that the lien was prematurely filed because clerical errors prevented the IRS from

2

depositing his timely mailed monthly payments, and he maintained that he had complied with the court-ordered payment plan. On September 16, 2021, a settlement officer with the IRS Independent Office of Appeals ("Appeals Office") held a telephone hearing with Seggerman, during which Seggerman also contended that the NFTL was not in the Government's best interest because it caused his Individual Retirement Account ("IRA") to close and reduced his income.

After the hearing, the Appeals Office issued a Notice of Determination sustaining the NFTL, reasoning that the IRS had independent statutory authority to file an NFTL even where the underlying tax liability is subject to a court-ordered payment plan. The Notice of Determination also stated that Seggerman had not submitted sufficient justification to support withdrawal of the NFTL.

Seggerman sought review of the Notice of Determination in the United States Tax Court. After a bench trial, the Tax Court reviewed the determination for abuse of discretion and, finding none, sustained the NFTL. *See generally Seggerman v. Comm'r*, T.C. Memo. 2023-78 (2023). We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

"We review decisions of the tax court 'in the same manner and to the same extent as decisions of the district courts in civil actions.'" *Williams v. Comm'r*, 718 F.3d 89, 91 (2d

3

Cir. 2013) (per curiam) (quoting 26 U.S.C. § 7482(a)(1)). On an appeal from a bench trial, we review legal issues *de novo* and factual findings for clear error. *See Diebold Found., Inc. v. Comm'r*, 736 F.3d 172, 182 (2d Cir. 2013). However, when the appellant's underlying tax liability is not at issue, as is the case here, we review the Appeals Office's CDP hearing determinations for abuse of discretion. *Williams*, 718 F.3d at 92.

The Appeals Office was required to consider any arguments made by the taxpayer against the appropriateness of the collection action, *see* 26 U.S.C. § 6330(c)(3)(B), (c)(2)(A)(ii), and the record reflects that Seggerman's arguments were properly considered. In particular, the Appeals Office determined that the IRS had independent authority to file an NFTL against Seggerman despite his existing court-ordered payment plan. Seggerman does not identify a legal error in this determination. *See Carpenter v. Comm'r*, 152 T.C. 202, 222 (2019) (interpreting 26 U.S.C. § 6201(a)(4) as providing an independent ground for administratively collecting restitution), *aff'd*, 788 F. App'x 187 (4th Cir. 2019) (per curiam).

The settlement officer also requested evidence that the NFTL caused Seggerman's IRA account to close and caused him to lose income, but Seggerman provided none. Declining to credit unsupported claims is well within the Appeals Office's discretion. Accordingly, the Appeals Office did not abuse its discretion in sustaining the NFTL.

Seggerman further argues that the NFTL should be withdrawn pursuant to 26

4

U.S.C. § 6323(j). But when a circumstance listed in § 6323(j) is present, the IRS "*may* withdraw a notice of a lien." 26 U.S.C. § 6323(j)(1) (emphasis added). Seggerman has not shown reversible error arising out the decision not to do so.

Finally, Seggerman contends that the Form 12277 he submitted with the assistance of the Taxpayer Advocate Service is a binding Taxpayer Assistance Order which mandates withdrawal of the NFTL. A Taxpayer Assistance Order is issued by the National Taxpayer Advocate and is separate from other filings. *See* 26 U.S.C. § 7811(a)(1). Seggerman has provided no evidence that a Taxpayer Assistance Order was issued, only that his completed Form 12277 was filed. As a result, this argument also fails.

We have considered Seggerman's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the decision of the Tax Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court